**Affirmed and Memorandum Opinion filed July 2, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00176-CR

### SHAWN HURST, Appellant,

### V.

### THE STATE OF TEXAS, Appellee.

**On Appeal from the 23rd District Court**
**Brazoria County**
**Trial Court Cause No. 63647**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Shawn Hurst, who appeared pro se, of assault on a public servant and assessed his punishment at nine years' imprisonment in the Texas Department of Criminal Justice, Institutional Division (TDCJID) and a $10,000 fine. Hurst appeals, raising three issues. We affirm.

## I

Hurst has been incarcerated in the Clemens Unit of the TDCJID since 2001. On June 1, 2008, the on-duty lieutenant at the facility instructed Officer Jesus Alvarado to bring Hurst to the lieutenant's office because Hurst had failed to report to work. Alvarado asked Officer Richard Soell, the complainant, for assistance. When the officers got to the walkway in front of Hurst's fourth-floor cell, Hurst was lying on his bed facing the wall. Alvarado told Hurst that the lieutenant wanted to see him, and as Hurst rolled over, Alvarado saw a cellular telephone in his hand. Because inmates are prohibited from having phones, Alvarado entered the cell, grabbed Hurst by the neck, and instructed him to stay still and put the phone down. Hurst quickly broke away from Alvarado's grasp and ran out of his cell onto the walkway, where he collided with Soell. Hurst then tossed the phone to the ground, and when Soell bent down to retrieve it, Hurst struck him in the face.

Hurst was charged with assault against a public servant. He appeared pro se at trial and was convicted of the charged offense. On appeal, Hurst argues the trial court committed reversible error by (1) precluding him from asking a proper commitment question during voir dire, (2) preventing him from testifying as to his motive for resorting to self-defense, and (3) violating his constitutional right to present a defense by denying his request to call a rebuttal witness.

## II

In his first issue, Hurst argues the trial court erred by preventing him from asking the veniremembers the following question:

> Now, is there anybody in here that can honestly say that because you know I'm already in white, but I'm here presented in free world clothes for being prosecuted, that because I'm already incarcerated that you would take the side of someone who says that I'm here to protect you in justice for your life or limb and the safety of liberty? Is

2

> there anybody in here to say that you would chose [sic] justice before you would chose [sic] me whether - -

The State objected, arguing it was an improper commitment question, and the trial court sustained the objection. On appeal, Hurst contends the trial court erred because his question was proper.

## A

We review a trial court's ruling regarding the limitation of voir dire questioning for an abuse of discretion. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). The trial court has broad discretion to restrict improper commitment questions and to exclude questions that are confusing, misleading, or vague and broad. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012) (citing *Barajas*, 93 S.W.3d at 38–39); *Standefer v. State*, 59 S.W.3d 117, 179 (Tex. Crim. App. 2001). A trial court abuses its discretion only when a proper question about a proper area of inquiry is prohibited. *Barajas*, 93 S.W.3d at 38.

To preserve error regarding the manner of voir dire, the record must reflect that (1) the trial court was on notice of a specific, proper question that a party wanted to ask, and (2) the party was precluded from asking it. *Franklin v. State*, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000); *Dhillon v. State*, 138 S.W.3d 583, 589 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A question that is so vague or broad in nature as to constitute a "global fishing expedition" fails to preserve error because it is impossible for a reviewing court to determine if the question was relevant and properly phrased. *Dhillon*, 138 S.W.3d at 589.

## B

In this case, the excluded question was vague and confusing. First, it is unclear to whom Hurst was referring when he asked about "someone who says that I'm here to protect you in justice for your life or limb and the safety of liberty."

3

Veniremembers could have reasonably understood that phrase to refer to the prosecuting attorney, to police officers, or even to Hurst. And, although we presume Hurst did not mean to suggest that his interests were at odds with the interests of justice, that is what the last sentence of his question implied.[1]

Therefore, we conclude that Hurst failed to preserve this challenge for appeal because the trial court was not on notice of a specific, proper question that he wanted to ask the venire. *See id.* We overrule Hurst's first issue.

### III

In his second issue, Hurst argues the trial court erred by preventing him from testifying about his motive for resorting to self-defense. Specifically, Hurst contends the excluded testimony was admissible under Rule 404(b) of the Texas Rules of Evidence. In response, the State argues the excluded testimony was inadmissible hearsay. We need not determine whether the testimony was admissible, however, because assuming without deciding the evidence should have been admitted, we find that any such error was harmless.

---

[1] Hurst's brief suggests that even he finds the question confusing. He begins by citing a number of cases for the proposition that an inquiry about whether veniremembers are biased against a witness because of that witness's status as, for example, a convicted felon is a proper commitment question. *See, e.g.*, *Vann v. State*, 216 S.W.3d 881, 885–86 (Tex. App.—Fort Worth 2007, no pet.) (concluding the trial court abused its discretion by precluding the appellant from asking, "[I]s there anybody here who feels that . . . if you hear from the witness stand that a witness has a prior felony conviction, that you will automatically disbelieve that witness?"); *Tijerina v. State*, 202 S.W.3d 299, 303–04 (Tex. App.—Fort Worth 2006, pet. ref'd) (concluding the trial court abused its discretion by prohibiting the appellant from asking, "Is there anybody here who feels that you would automatically disbelieve somebody simply because they are a convicted felon, be they a witness, a police officer, a defendant, anybody?"). But Hurst goes on to argue that his question sought to determine whether any of the veniremembers were biased against the law—specifically, the presumption of innocence—because of the fact that he was already incarcerated. These are distinct inquiries, and his question during voir dire did not properly ask either.

4

## A

During Hurst's narrative testimony on his own behalf, the following exchange occurred:

> [HURST]: Officer Alvarado was trying to tell him give, give, give, and trying to grab me and wrestle me down and I'm on the rail and I went to throw [the phone] like, because when I heard him say if you don't give it to me, I'm going to throw you over the run. So, I threw it. Officer Soell dropped. I'm trying to get out. I'm not trying to get thrown off the top run by the officer, and the thing is I've heard that he has done things like this before, not visually seen - -
>
> [STATE]: Your Honor, I object to his speculation as to anything these officers may have done to anybody else.
>
> THE COURT: Sustain.
>
> [HURST]: So, I try to get somewhere.
>
> [STATE]: I would ask for an instruction to disregard.
>
> THE COURT: Members of the jury, you're instructed to disregard the last answer, the part of the answer by the witness. You may continue.

After elaborating on his fear of being thrown over the run (i.e., walkway), Hurst testified, "I ran away from everybody. I didn't hit nobody. I didn't try to do nothing to nobody, even afterwards."

## B

The exclusion of evidence offered under the rules of evidence generally constitutes non-constitutional error. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). Pursuant to the harmless-error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure, a non-constitutional error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). "[A] substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Hurst testified that when he woke up, Alvarado had his hand wrapped around Hurst's neck, and Hurst attempted to run away because Alvarado tried to plant a contraband cell phone on him. The jury also heard Hurst testify that Alvarado orally threatened to throw him off the walkway outside of his fourth-floor cell and that Hurst fled because he feared for his physical safety. Therefore, assuming without deciding the exclusion was erroneous, any such error was harmless under the standard applicable to non-constitutional error.

Further, after examining the record as a whole, we have fair assurance that the exclusion of Hurst's testimony did not have a substantial and injurious effect or influence in determining the jury's verdict. Even if the jury believed Hurst's version of the events, and even if they had been allowed to consider Hurst's allegation that he acted in self-defense because he heard that Alvarado had "done things like this before," there was ample evidence to support the conclusion that Alvarado's alleged conduct did not justify Hurst's assault against Soell. And, moreover, Hurst did not properly raise the issue of self-defense because he denied the charged conduct. *See Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) ("To be entitled to an instruction on self-defense, appellant was required first to admit to the conduct charged in the indictment and then to offer evidence justifying the conduct."); *Anderson v. State*, 11 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ("Self-defense is a justification for one's actions, which necessarily requires admission that the conduct occurred. . . . Self-defense is inconsistent with a denial of the conduct."). Hurst not only failed to admit the charged conduct, he specifically denied it, testifying, "I didn't hit nobody. I didn't try to do nothing to nobody." Even with the excluded testimony, therefore, the evidence would not have supported the submission of a self-defense instruction. We conclude any error in

6

the exclusion of the testimony was harmless.

Accordingly, we overrule Hurst's second issue.

IV

In Hurst's third issue, he argues the trial court violated his constitutional right to present a defense by denying his request to present a rebuttal witness whose testimony was both admissible and critical to Hurst's defense.

After Hurst's request to call the rebuttal witness in question, the following exchange occurred:

> THE COURT: And what do you anticipate the nature of his testimony might be?
>
> MR. HURST: To show the character of an officer which states that he is not - -
>
> THE COURT REPORTER: He is not what?
>
> THE COURT: Your request is denied.
>
> MR. HURST: That he plants evidence on people, and that his character is not up to par in self-defense.
>
> THE COURT: Your request is denied.

Hurst then rested his case.

To preserve a complaint for appellate review, a party must present to the trial court a timely, specific request, objection, or motion, and obtain a ruling. Tex. R. App. P. 33.1(a). An appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection based on one legal theory in the trial court may not be used to support a different legal theory on appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that appellant failed to preserve complaint that appellant was denied his constitutional right to present a defense). Even constitutional errors may be waived by failure to object at trial. *Id.* The record does

7

not reflect that appellant asserted in the trial court that the trial court violated his constitutional right to present a defense by denying his request to present this rebuttal witness. Therefore, we conclude appellant failed to preserve error as to this complaint. *See id.*; *Wright v. State*, 374 S.W.3d 564, 575–76 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

We presume for the sake of argument that appellant asserts nonconstitutional error under his third issue—that the trial court abused its discretion in excluding evidence that Alvarado plants evidence on people and that Alvarado's "character is not up to par in self-defense." We also presume that appellant preserved error regarding this argument. Even under these presumptions, we conclude that any error would be harmless.

As noted above, Hurst did not properly raise the issue of self-defense because he denied the charged conduct. *See Jackson*, 110 S.W.3d at 631; *Anderson*, 11 S.W.3d at 372. Even with the excluded testimony, the evidence would not have supported the submission of a self-defense instruction. Testimony that Alvarado plants evidence on people would not indicate that Hurst was not guilty of assaulting Soell. After examining the record as a whole, we have fair assurance that the exclusion of this testimony did not have a substantial and injurious effect or influence in determining the jury's verdict. Presuming without deciding that error was preserved and that the exclusion of this testimony was erroneous, any such error was harmless under the standard applicable to non-constitutional error. We overrule the third issue.

\* \* \*

Accordingly, we affirm the judgment of the trial court.


/s/    Jeffrey V. Brown
        Justice


Panel consists of Justices Frost, Brown, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).