Baljinder Singh DHILLON, Appellant

v.

The STATE of Texas, Appellee.

No. 14–02–01113–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 22, 2004.

Charles G. Kingsbury, Houston, for appellants.

Donald W. Rogers, Jr., Asst. District Atty., Houston, for appellees.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In this case, we review the trial court's imposition of a fifteen-minute time limitation per side for voir dire. A jury convicted appellant, Baljinder Singh Dhillon, of driving while intoxicated ("DWI") and assessed punishment at 180 days' confinement. In one issue, appellant contends

the trial court erred in refusing his request for additional time for voir dire. We affirm.

## I. FACTUAL BACKGROUND

On April 3, 2002, appellant was stopped by a City of South Houston police officer for speeding. After failing to successfully complete various field sobriety tests, appellant was placed under arrest. Appellant pleaded not guilty to the misdemeanor charge of DWI and was tried before a jury.

Prior to the venire members entering the courtroom, the trial judge informed the parties that voir dire would be limited to fifteen minutes per side. Appellant's counsel requested more time, asserting that appellant's constitutional rights were implicated and he was subject to significant time in jail. The trial court denied the request and the following exchange occurred:

> Mr. Kingsbury [defense counsel]: Your honor, at this time I will make a Bill of Exception at the time, you know, if you cut me off at the 15 minutes. I'm just letting you know.
>
> The Court: Okay. Well, I will cut you off at 15 minutes. So if you want to make your Bill of Exceptions, excuse me, you have two choices. You can present in written form all the questions you would have asked, mark them as an exhibit, give them to the clerk and they'll be part of the file. Or after, you know, the jury goes to lunch or whatever you can stand with the court reporter, stay with the court reporter and read into the record every question that you want.

At the commencement of voir dire, the judge introduced the lawyers and asked some preliminary questions of the panel.[1] The judge allowed both sides to question those venire members responding to her questions and three prospective jurors were excused. The remaining panel members then stood, individually, and stated their names and occupations. Following this, the judge informed the panel that each side had fifteen minutes to conduct their voir dire.

After the State questioned the panel for fifteen minutes, the judge questioned them regarding appellant's right to remain silent and advised the panel that they should not be influenced by a witness's occupation in assessing their credibility, including a police officer's credibility. Appellant's counsel then began his voir dire. After fifteen minutes elapsed, the judge stopped him from asking any further questions. Appellant's counsel did not request more time to conduct his voir dire, nor did he state any questions he was prevented from asking the panel.

Following his voir dire, appellant's counsel requested several venire members be stricken for cause and again, stated that he had more "issues" to address and needed a longer period of time to question the venire. After denying counsel's request and reiterating his options for submitting the proposed questions, the trial court brought the challenged panel members before the bench individually and allowed counsel to question them. Appellant's counsel asserted a challenge for cause against each of these panel members. The court granted three of those challenges and then in-

---

1. The judge asked the panel the following questions: (1) were they registered to vote; (2) had any one been convicted of a theft or felony; (3) was anyone under indictment or legal accusation for theft or any felony; (4) whether anyone had been arrested; (5) whether anyone had any experience with a DWI; (6) whether they could read and understand the English language; and (7) if there was anything anyone wanted to share with the court privately.

formed counsel they could exercise their peremptory strikes. The following exchange then occurred:

Mr. Kingsbury [Defense counsel]: Your honor, for the record I just want to make it clear I still have some questions to ask.

The Court: Mr. Kingsbury, this is the third time we've been over that.

Mr. Kingsbury: I want to make it clear.

The Court: Third time. Okay.

Once a panel of six jurors[2] had been selected, appellant's counsel approached the bench and informed the judge that three jurors, Blanca Soto, Ruben Perez, and Christine Pastorek, would have been dismissed if he had been allowed opportunity to ask more questions; at that point, he advised the trial court of the additional questions he would have posed to those jurors. The judge denied counsel's motion.

Prior to swearing the jury in, appellant's counsel stated he was accepting the jury with the stipulation he was relying on his "previous objection." The jury was sworn and the remaining panel members were dismissed. Just before opening arguments, appellant's counsel dictated his bill of exceptions to the court reporter, listing topics and questions he would have posed to the entire panel and to specific jurors.

## II. DISCUSSION

In appellant's sole issue, he argues the trial court erred in unreasonably restricting the amount of time to conduct voir dire, particularly because he was unable to question the panel members on the issue of punishment. Further, he asserts that voir dire was erroneously restricted to the extent he was unable to intelligently exercise his peremptory challenges.

## A. Standard of Review

The purposes of voir dire are to: (1) develop rapport between the officers of the court and the jurors; (2) expose juror bias or interest warranting a challenge for cause; and (3) elicit information necessary to intelligently use peremptory challenges. *S.D.G. v. State*, 936 S.W.2d 371, 380 (Tex. App.-Houston [14th Dist.] 1996, pet. denied). A trial court may impose reasonable restrictions on the exercise of voir dire examination, including reasonable limits on the amount of time each party can question the jury panel. *Caldwell v. State*, 818 S.W.2d 790, 793 (Tex.Crim.App.1991), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex.Crim.App. 1995); *Ratliff v. State*, 690 S.W.2d 597, 597 (Tex.Crim.App.1985). "A reasonable time limitation for one case may not be reasonable for another" and each case must be examined on its own facts. *Ganther v. State*, 848 S.W.2d 881, 882 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (quoting *Ratliff*, 690 S.W.2d at 600). The amount of time allotted is not, alone, conclusive. *Id.* However, a trial judge may not restrict proper questions that seek to discover a juror's views on issues relevant to the case. *McCarter v. State*, 837 S.W.2d 117, 121–22 (Tex.Crim.App.1992). Absent an abuse of discretion, we will not reverse the trial court's refusal to allow defense counsel additional time on voir dire. *Id.* at 119; *Caldwell*, 818 S.W.2d at 793.

When a party complains of an inability to collectively question the venire, a two-part test applies: (1) whether the complaining party attempted to prolong

---

**2.** These jurors were: No. 2, Felecia Chaney; Juror No. 4, Mindy Hernandez; No. 5, Blanca Soto; No. 6, Christine Pastorek; No. 8, Susan Molitor; and No 10, Ruben Perez.

the voir dire; [3] and (2) whether the questions the party was not permitted to ask were proper voir dire questions. *See McCarter*, 837 S.W.2d at 120; *S.D.G.*, 936 S.W.2d at 380. In addition, when a party's voir dire is terminated as he attempts to question venire members individually, we must consider a third factor: whether the party was prevented from examining a prospective juror who actually served on the jury. *McCarter*, 837 S.W.2d at 119; *Ratliff*, 690 S.W.2d at 600.

■ Here, appellant's voir dire was terminated while his counsel was asking general questions of the panel. Further, the fifteen-minute restriction applied to the voir dire of the entire panel; counsel was allowed the opportunity to individually question panel members before the bench following the voir dire, and the record does not reflect that appellant's questioning before the bench was unreasonably restricted nor does appellant argue that it was. In addition, on appeal and in the trial court, appellant's complaint regarding the voir dire is that he was not allowed time to adequately question the entire panel.[4] Therefore, we apply the two-part test set forth above.[5] *See, e.g., McCarter*, 837 S.W.2d at 120 (finding the two-prong test applicable under similar factual circumstances). The State concedes that appellant's counsel did not attempt to prolong

voir dire and consequently, only the second prong is relevant in this appeal.

## B. Error Preservation

Initially, we must examine the State's argument that appellant failed to preserve error because: (1) the questions proffered by appellant prior to the jurors being sworn and the venire being excused only "vaguely referred to subject matter areas" about which he would liked to have asked; and (2) appellant's bill of exceptions was untimely because it was made after the jury was sworn and the remaining prospective jurors were excused.

### 1. Questions to Jurors Soto, Pastorek, and Perez

The State's first assertion is in reference to those questions which appellant's counsel stated he would have asked jurors Soto, Perez, and Pastorek had he more voir dire time. Specifically, counsel stated Soto would have been dismissed if he had been able to "talk about aggressive drunk driving and those people showed that sign [sic]." Regarding Perez, appellant's counsel stated he wished to question him concerning "the fact that he does not believe that he shouldn't drink and drive, get behind the wheel and drink and drive," and as to Pastorek, appellant's counsel stated he needed to question her further "with

---

**3.** A party attempts to prolong the voir dire when he asks irrelevant, immaterial, or repetitious questions. *Ganther*, 848 S.W.2d at 882–83.

**4.** Specifically, appellant's issue on appeal is: "Whether the trial court erred in refusing to allow defense counsel the opportunity to question the entire panel on punishment and other issues."

**5.** Relying on *Ratliff*, the State asserts in its brief that the three-prong test applies. *See Ratliff*, 690 S.W.2d at 600. The State also asserts that because appellant failed to ad-

dress the third-prong, no abuse of discretion is shown. However, we apply the two-part test in this case relying on *McCarter*, a case involving similar facts surrounding voir dire, and on appellant's assertions in the trial court and on appeal. Moreover, even if we were to assume the third prong applied in this case, because appellant does not address it we would conclude that he had questioned all jurors seated, failing to meet that prong. Nevertheless, appellant still must meet the first two prongs of the test. *See McCarter*, 837 S.W.2d at 120.

regards to her thoughts on alcohol and its effect on the system."

■ To preserve error regarding the manner of voir dire, the record must reflect a proper question which the trial court has not allowed to be answered.[6] *See S.D.G.*, 936 S.W.2d at 380. A question that is so vague or broad as to constitute a global fishing expedition is not proper, and fails to preserve error because it is impossible for a reviewing court to determine if the question is relevant and properly phrased. *Caldwell*, 818 S.W.2d at 794; *S.D.G.*, 936 S.W.2d at 380.

■ Here, the proposed question to Soto was vague and overly broad. The question, as stated by counsel, presents only a general topic for discussion, indicating counsel merely wanted to "talk about aggressive drunk driving." The question is not narrowly tailored in scope and could contain proper and improper inquiries. *See Barajas v. State*, 93 S.W.3d 36, 40–41 (Tex.Crim.App.2002); *Smith v. State*, 703 S.W.2d 641, 645 (Tex.Crim.App.1985); *Godine v. State*, 874 S.W.2d 197, 200–01 (Tex. App.-Houston [14th Dist.] 1994, no pet.) (stating a trial court should not have to weed out valid subject matters from broad topic descriptions nor "anticipate the form in which a specific question emanating from a topic will be asked"). Thus, appellant failed to preserve this question for our review.

■ Likewise, the proposed question to Pastorek is similarly vague in that it seeks to ascertain Pastorek's "thoughts" on alcohol and its effects on the system. *See Boyd v. State*, 811 S.W.2d 105, 119 (Tex.Crim.App.1991) (finding a question concerning a venire member's thoughts was a fishing expedition). Questions pertaining to thoughts are open ended and could contain a wide range of specific questions, both proper and improper. *See Caldwell*, 818 S.W.2d at 794. Therefore, appellant also failed to preserve this question for our review.

■ Concerning the proposed question to Perez, an initial question propounded to the venire was, "How many of you in this group ... believe that you shouldn't drink and drive?" The record reflects that five panel members responded affirmatively, one of whom was Perez. Perez advised counsel he could not make that kind of judgment unless he knew how much alcohol was consumed and over what period of time. Appellant's counsel then moved on, questioning the other jurors who had responded affirmatively to the question.[7] After some additional questioning of the venire, the court asked appellant's counsel if he had any challenges for cause and counsel gave the names of five jurors, four of whom had indicated they believed that driving after consuming any amount of alcohol was wrong. Counsel did not submit Perez's name at that time. However, after Perez was seated as a juror, appellant's counsel advised the court he believed Perez would have been dismissed for cause if he could have questioned him further, stating Perez believed that "he shouldn't

---

6. In addition, to preserve error under these circumstances, a party must obtain a ruling on the question. *See Caldwell*, 818 S.W.2d at 794; *Godine*, 874 S.W.2d at 201. Here, the court denied appellant's request to ask these questions.

7. Subsequently, appellant's counsel asked the jurors responding to the question to raise their hands again; counsel then asked, "All five of you ... believe that if you hear evidence in this case that my client had any alcohol in his system, that you would find him guilty just because of the fact that he had alcohol in his system whatsoever?" Perez responded, "Like I said, it depends on just how he consumed it."

drink and drive, get behind the wheel and drink and drive."

Like those proposed questions to Soto and Pastorek, the proposed question to Perez, if it can be construed as such, is merely a general topic concerning drinking and driving. *See Caldwell,* 818 S.W.2d at 794; *Godine,* 874 S.W.2d at 200–01. Moreover, if appellant had wanted to question Perez further on this issue, as he did the other four jurors, he could have submitted Perez's name when the court asked for any challenges for cause. Because appellant did not offer Perez's name at that time, he failed to properly alert the court to his concern about Perez, waiving the issue for review. *See generally Loredo v. State,* No. 1075–03, 2004 WL 743833, at *1–3, —— S.W.3d ——, —— (Tex.Crim. App. Apr. 7, 2004) (stating attorney's silence in failing to call an individual juror into chambers for examination and correcting a judge's misunderstanding failed to preserve error because the trial court was not made aware of complaint at a time and manner where it could be corrected).

■■■■ Even assuming appellant preserved these questions for our review, a trial court does not abuse its discretion in limiting voir dire if the questions sought to be asked were improper. *Tobar v. State,* 874 S.W.2d 87, 91 (Tex.App.-Corpus Christi 1994, pet. ref'd) (citing *McCarter,* 837 S.W.2d at 120–21). Here, because the proposed questions were vague and overly broad, they were improper and the trial court was within its discretion to deny counsel's request to ask these questions. *See, e.g., Boyd,* 811 S.W.2d at 119 (finding trial court did not abuse discretion in disallowing vague and irrelevant question); *Smith,* 703 S.W.2d at 645 (upholding trial court's denial of voir dire question concerning jurors "thoughts" on an issue); *Godine,* 874 S.W.2d at 201 (finding overly broad questions were improper). Finally,

the proposed question to Perez would have been of little assistance to counsel because Perez already had responded to the question. *See Godine,* 874 S.W.2d at 201.

## 2. Timeliness of Bill of Exceptions

■■■ The State also argues that the questions set forth in appellant's bill of exceptions were not preserved for review because the bill was untimely, being made at a point in the proceedings where the trial court could not have rectified any alleged error. We agree.

■■■ As previously stated, to preserve error concerning the manner of voir dire, the record must reflect a proper question which the trial court has not allowed to be answered. *See S.D.G.,* 936 S.W.2d at 380. Further, an appellant must make the trial court aware of any objections or complaints at a time when there is an opportunity to cure or respond to the complaints. *See Loredo,* 2004 WL 743833, *2–3, —— S.W.3d at ——.

In this case, although appellant's counsel stated his objection to the restricted voir dire on several occasions, he failed to offer, with any specificity, any questions he was prohibited from asking (other than those questions we previously addressed). Indeed, at the point when appellant's counsel initially objected to the restricted voir dire, it was unclear whether he would, in fact, be prohibited from asking any questions. Although the trial court was aware appellant was objecting to the time restriction, it was not apparent that any error had yet occurred.

Following his questioning of the panel, appellant's counsel failed to request additional time to conduct voir dire and failed to make a record of any questions which he was prohibited from asking. Instead, counsel made only a generalized objection stating: "We still have many issues that

we didn't get the chance to address and that's why we needed a longer period of time. My client's constitutional rights are implicated here." This broad statement fails to properly inform the court of the questions appellant was not allowed to ask. *See, e.g., Caldwell,* 818 S.W.2d at 794 ("[T]here must be a question before there can be a proper question."); *S.D.G.,* 936 S.W.2d at 380 (finding that recitation of general topics failed to preserve error); *Godine,* 874 S.W.2d at 201 (noting that to preserve error regarding voir dire, specific questions must be presented to the trial court).

Finally, this is not a case in which the appellant was denied the right to make his bill of exceptions. *See Spence v. State,* 758 S.W.2d 597, 599 (Tex.Crim.App.1988). Here, when appellant's counsel advised the trial court he would make his bill following voir dire, the court advised counsel of his options for making the bill: (1) submitting the proposed questions in written form; or (2) dictating the questions to the court reporter. Appellant's counsel did not submit the proposed written questions nor insist upon the opportunity to make his bill in a timely manner. The burden to preserve error rests on the appellant. *See* Tex.R.App. P. 33.1(a). Appellant had the burden to submit the written questions or otherwise request the questions be preserved in the record in a timely manner. In this case, appellant's bill of exceptions was made after the six-member panel of jurors had been sworn in and the venire members not chosen had been released. Consequently, there was nothing the trial court could have done at that point to remedy the alleged error. *See S.D.G.,* 936 S.W.2d at 380-81. In sum, appellant's bill of exception was untimely and failed to preserve error, and accordingly, we overrule appellant's issue. *See S.D.G.,* 936 S.W.2d at 381.

Our holding in this case; however, should not be construed as a blanket affirmation of fifteen-minute time limitations on voir dire. A reasonable time limitation for one case may not be reasonable for another. *Ganther,* 848 S.W.2d at 882. When objecting to a voir dire limitation, it is the attorney's burden to preserve error by informing the trial court of the questions he or she was not permitted to ask, at a time when the court can act to rectify any error. Because we find appellant failed to preserve error regarding his objection to voir dire, we overrule appellant's points and affirm the trial court's judgment.