NO. 07-04-0469-CR
NO. 07-04-0470-CR
NO. 07-04-0471-CR
NO. 07-04-0472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 8, 2005
_____

STEVEN EDWARD BEDFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 48,667-E, 48,668-E, 48,669-E and 48,670-E;
HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Steven Edward Bedford appeals from his convictions for aggravated assault with a deadly weapon. The convictions were based on his guilty pleas, which pleas were entered after the trial court refused to grant him leave to voir dire the jury venire about "mental health issues and jurors' experience" with same. Counsel for the defense told the

trial court that she "would like to know if jurors have any experience in their life dealing with people who suffer from depression or suicide attempts." The two issues now before us concern the trial court's decision and trial counsel's effectiveness. That is, appellant contends that the court abused its discretion when it refused to allow the voir dire and that his counsel was ineffective because she failed to preserve the matter for appellate review. We affirm the judgments.

*Issue One – Leave to Voir Dire*

Though appellant informed the judge of the particular topic he sought to develop, no record was made of the specific questions he proposed to ask. That is needed to preserve any complaint one may have about a trial court's restriction of voir dire. *See Caldwell v. State*, 818 S.W.2d 790, 793-94 (Tex. Crim. App. 1991), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995) (holding that one preserves his complaint about being unable to ask questions during voir dire by presenting the specific question to the trial court and obtaining an adverse ruling); *Dhillon v. State,* 138 S.W.3d 583, 589 (Tex. App.– Houston [14th Dist.] 2004, pet. dism'd) (stating that a question that is vague or broad is not proper and fails to preserve error); *Aquino v. State,* 710 S.W.2d 747, 752 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd) (holding that error was waived since the defendant failed to make a bill of exceptions as to the questions he wished to pose to the prospective juror). Given that the record lacks the specific questions appellant sought to ask, issue one is waived.

*Issue Two – Effective Assistance*

We next address appellant's claim that his trial attorney rendered ineffective assistance. Though the gist of the issue tends to involve the failure to preserve complaint

2

about the restriction of voir dire, he also talks about the trial court's purported decision to exclude the evidence of appellant's alleged mental problems. We, therefore, will address both topics.

The applicable standard of review is well-settled and discussed in such cases as *Ex parte Nailor,* 149 S.W.3d 125 (Tex. Crim. App. 2004) and *Bone v. State,* 77 S.W.3d 828 (Tex. Crim. App. 2002). Those cases inform us that one raising the claim must establish both that his counsel was deficient and that the deficiency was prejudicial. *Bone v. State,* 77 S.W.3d at 833. Furthermore, it is clear that the claim must be firmly founded in the record. *Ex parte Nailor,* 149 S.W.3d at 130.

In applying the aforementioned standard to the question of whether appellant failed to preserve error *viz* the decision to exclude evidence, we note that the trial court did not rule that the evidence would be excluded. It simply granted the State's motion in limine, and in that motion, the State merely sought an order requiring the parties to approach the bench before evidence of mental illness was proffered. The trial court's decision fell far short of one holding that the evidence was inadmissible. So, because the evidence had not been ruled inadmissible, trial counsel cannot be held ineffective for failing to preserve complaint about something that never happened.

As to the matter of voir dire, we are again informed of no specific questions that appellant sought to ask the jury. This is fatal given the nature of the complaint. While certain topics may be fair game in voir dire, the manner in which they are broached may nonetheless be objectionable. *See e.g.*, *Barajas v. State,* 93 S.W.3d 36, 38-39 (Tex. Crim. App. 2002) (noting that while the potential for bias is a legitimate subject for voir dire, a litigant cannot inquire into that potentiality through questions seeking commitments for the

3

venire members).  So, without a hint from appellant about what specific questions, if any, an effective attorney could and should have asked, we cannot analyze whether trial counsel actually erred.  So, we overrule this issue as well.

Having overruled each issue, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.