PD-1330-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/23/2015 4:34:43 PM
Accepted 11/24/2015 11:52:10 AM
ABEL ACOSTA
CLERK

**No. _____**

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**GREG SALDINGER**
*Petitioner*

**v.**

**THE STATE OF TEXAS**
*Appellee*

On Petition for Discretionary Review from
Cause No. 14-14-00402-CR, affirming the conviction in
Cause No. 1900496, in Harris County Criminal Court at Law #15

## PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

**Oral Argument Requested**

JOSE CEJA
Scheiner Law Group, P.C.
TBN: 24067542
2211 Norfolk Ste. 735
Houston, Texas 77098
Phone: (713) 783-8998
Fax:     (866) 798-9854
jose.ceja@scheinerlaw.com

FILED IN
COURT OF CRIMINAL APPEALS

November 24, 2015

ABEL ACOSTA, CLERK

**ATTORNEY FOR PETITIONER**

## IDENTITY OF PARTIES AND ATTORNEYS

PETITIONER:                              GREG SALDINGER

TRIAL PROSECUTOR:                        RYAN MCLEAREN
                                         LAUREN MARFIN
                                         MELISSA MUNOZ
                                         Assistant District Attorney
                                         Harris County, Texas
                                         1201 Franklin Street, 6th Floor
                                         Houston, Texas 77002

ATTORNEYS AT TRIAL:                      GRANT SCHEINER
                                         Scheiner Law Group, P.C.
                                         2211 Norfolk Ste. 735
                                         Houston, Texas 77098

PRESIDING JUDGE AT TRIAL:                HON. JIM ANDERSON
                                         Harris County Court at Law #15
                                         Harris County, Texas
                                         1201 Franklin Street, 11th floor
                                         Houston, Texas 77002

ATTORNEY FOR PETITIONER:                 JOSE CEJA
                                         Scheiner Law Group, P.C.
                                         2211 Norfolk Ste. 735
                                         Houston, Texas 77098

ATTORNEY FOR STATE ON APPEAL:            ERIC KUGLER
                                         Assistant Public Defender
                                         Harris County, Texas
                                         1201 Franklin St., 6th Floor
                                         Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS .................................................................. II

TABLE OF CONTENTS .......................................................................................... III

STATEMENT REGARDING ORAL ARGUMENT ............................................................ 2

STATEMENT OF THE CASE ..................................................................................... 2

STATEMENT OF PROCEDURAL HISTORY .................................................................. 2

GROUNDS FOR REVIEW ........................................................................................ 3

REASONS FOR REVIEW ......................................................................................... 3

ARGUMENT ......................................................................................................... 3

    Summary of Relevant Facts ......................................................................... 3

    I. GROUND ONE: The Court of Appeals erred by concluding that although the trial judge abused his discretion in admitting the search warrant and affidavit, such error was harmless ........................................................................................ 5

    II. GROUND TWO: The Court of Appeals erred by holding Petitioner's complaints regarding the trial judge's refusal to allow trial counsel to *voir dire* panel on proof beyond a reasonable doubt were not preserved ......................................... 8

    III. Ground Three: The Court of Appeals erred by holding Petitioner's complaints regarding the trial judge's refusal to allow trial counsel to *voir dire* panel on police credibility were not preserved ........................................................... 10

PRAYER ............................................................................................................ 12

CERTIFICATE OF SERVICE .................................................................................... 13

CERTIFICATE OF COMPLIANCE ............................................................................ 13

APPENDIX ......................................................................................................... 14

# Index of Authorities

**State Cases**

*Bryant v. State*, 391 S.W.3d 86 (Tex. Crim. App. 2012) ...................................................... 10

*Caldwell v. State*, 818 S.W.2d 790 (Tex. Crim. App. 1991) ................................................ 10

*Cole v. State*, 839 S.W.2d 798 (Tex. Crim. App. 1990) ......................................................7

*Fuller v. State*, 363 S.W.3d 583 (Tex. Crim. App. 2012) ............................................8, 9, 10

*Garza v. State*, 126 S.W.3d 79 (Tex. Crim. App. 2004) ...................................................... 10

*Gonzalez v. State*, 3 S.W.3d 915 (Tex. Crim. App. 1999) ...................................................... 11

*Johnson v. State*, 967 S.W.2d 410 (Tex. Crim. App. 1998) .....................................................8

*Jones v. State,* 223 S.W.3d 379 (Tex. Crim. App. 2007) ....................................................... 11

*King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) ..........................................................8

*Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1992) ................................................ 10

*Saldinger vs. State,* Cause No. 14-14-00402-CR (Tex. App. -- Houston [14th Dist.] July 30, 2015) .........................................................................................................i, 2, 5, 14

*Zillender v. State*, 557 S.W.2d 515 (Tex. Crim. App. 1977) ............................................... 10

**State Statutes and Rules**

Tex. R. App. Proc. R. 44.2 ..........................................................................................7

TEX. R. EVID. 803(8)(B) ............................................................................................7

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested. The issues presented are of moderate complexity and might properly be resolved on the briefs, but Petitioner believes he can better illuminate them with oral argument and by answering any questions this Court may have.

## STATEMENT OF THE CASE

Petitioner Greg Saldinger was convicted after a jury trial of Driving While Intoxicated – Class "A." The issues raised on appeal focus on the trial court's erroneous admission of a search warrant and affidavit, as well as the trial court erroneous limitations on defense counsel's *voir dire*.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner was charged with Driving While Intoxicated (DWI) – Class "A" (second offense) after being arrested on June 6, 2013. After a jury trial starting on February 11, 2014 and concluding on February 12, 2014, Petitioner was convicted and sentenced to one (1) year in the county jail, suspended and probated for two (2) years. On July 30, 2015, the Fourteenth Court of Appeals affirmed Petitioner's conviction in *Saldinger vs. State,* Cause No. 14-14-00402-CR (Tex. App. -- Houston [14th Dist.] July 30, 2015). On August 13, 2015 Petitioner filed a Motion for En Banc Reconsideration, which was denied on September 22, 2015.

GROUND ONE: The Court of Appeals erred by concluding that although the trial judge abused his discretion in admitting the search warrant and affidavit, such error was harmless

GROUND TWO: The Court of Appeals erred by holding Petitioner's complaints regarding the trial judge's refusal to allow trial counsel to *voir dire* panel on proof beyond a reasonable doubt were not preserved

GROUND THREE: The Court of Appeals erred by holding Petitioner's complaints regarding the trial judge's refusal to allow trial counsel to *voir dire* panel on police credibility were not preserved

**REASONS FOR REVIEW**

1. The Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Texas Court of Criminal Appeals (applicable to all grounds).

2. The Court of Appeals has violated Petitioner's rights to adequate *voir dire* under the Texas and federal constitutions (applicable to grounds two and three).

**ARGUMENT**

**Summary of Relevant Facts**

Petitioner Greg Saldinger's jury trial for DWI began on February 11, 2014. The trial court limited *voir dire* to 30 minutes per side. Near the end of Petitioner's *voir dire*, defense counsel asked the venire panel if any member would be more likely to believe

the testimony of a police officer over any other witness, even without knowing anything about the officer's background. (2 C.R. at 101-102). Thirteen jurors responded affirmatively. (2 C.R. at 102).

Immediately after the aforementioned 13 venire members indicated they held a bias in favor of the police, the trial judge told Petitioner he was out of time. (2 C.R. at 101-102). Petitioner requested additional time to further question these venire members but the trial judge denied the request. (2 C.R. at 109).

Petitioner also requested additional time to cover the topic of proof beyond a reasonable doubt. (2 C.R. at 103). Petitioner elaborated that he wished to address the standard of proof by "compar[ing] reasonable doubt to other standards of proof," and the standards in civil cases, and family law cases. (2 C.R. at 102-103). The trial judge denied Petitioner request. (2 C.R. at 103). Later, in a bill of exception to the trial court, Petitioner offered as an exhibit a color-chart detailing the various legal standards of proof under Texas law, which counsel explained he intended to use as an aid to explain the concept of reasonable doubt. (3 C.R. at 142). The trial judge said it would not have changed his mind. *Id.*

Petitioner also moved to strike for cause the 13 venire members who indicated they held a bias in favor of the police. (2 C.R. at 109). The trial judge denied the request as to those venire members, and also denied Petitioner's request for additional peremptory strikes. (2 C.R. at 109). After the jury was seated, but before it was sworn, Petitioner identified a juror who was among those who had indicated a bias in favor

4

of the police, whom Petitioner said he would have struck, if he had been granted additional peremptory strikes (2 C.R. at 114). The trial judge overruled Petitioner's objection to this juror. (2 C.R. at 114).

During the State's case-in-chief, the trial judge admitted a blood search warrant and affidavit drafted by police officers, over hearsay and confrontation objections of Petitioner. (3 C.R. at 157). The affidavit essentially served as a police report and, indeed, Houston Police Officer Joel Quezada admitted during cross examination that the affidavit included "cut-and-paste" portions from his actual police report. In addition to observations of Petitioner's alleged intoxication, the affidavit contained affiant Officer Quezada's claims that on "many occasions," he has had his "suspicions [regarding intoxication] confirmed by breath, blood, or urine samples," and that he has "found these forensic tests to be reliable in supporting [his] opinions and observations on consumed substances and levels of impairment." (4 C.R. at 15a). At trial, Petitioner never challenged the validity of the search warrant and affidavit and there was no legal reason for its admission as an exhibit to the jury.

## I. GROUND ONE: The Court of Appeals erred by concluding that although the trial judge abused his discretion in admitting the search warrant and affidavit, such error was harmless

In finding the improper admission of the blood search warrant affidavit harmless, the Court of Appeals concluded that the evidence contained in the search warrant was introduced elsewhere. *Saldinger*, Cause No. 14-14-00402-CR at *10. Although portions of the affidavit may have been elicited through oral testimony of

5

Officer Quezada, the most unfairly prejudicial statements in the affidavit were *not* elicited elsewhere in the trial and did not reach the jury by any other means. For example, Officer Quezada's[1] affidavit statement that he has found blood testing to be "reliable in supporting [his] opinions and observations on consumed substances and levels of impairment," and that such tests have confirmed his observations on "many occasions" does not appear anywhere else in the trial record.

The Court of Appeals' contention that these statements were introduced through the State's blood expert is not supported by the record and fails to grasp the prejudicial nature of such statements in the context of a DWI trial. *Id.* at 11. Although the State's blood analyst testified regarding the science of blood testing, and the analysis done in this case, at no time did she equate alleged observations of intoxication – in this or any case – with a specific blood alcohol content (BAC), which is what Officer Quezada's affidavit claimed he is able to do, and did in this case.

Quezada's affidavit's assertion that his observations have been corroborated by blood testing on "many occasions" was particularly prejudicial, because Quezada simultaneously bolstered the reliability of his own observations and investigation, as well as the accuracy of the blood test in Petitioner's case. Additionally, by admitting the affidavit – which contained the signature of a judge – the trial judge essentially

---

[1] Houston Police Department Officer Joel Quezada – who was the affiant and lead officer on the case – has been fired from the Houston Police Department and is under Federal indictment for his involvement in the robbery of an armored vehicle in December 2013 – two months before he testified in this trial.

6

gave a judicial stamp of approval to the investigation, observations, and credibility of Officer Joel Quezada, as well as the other officers referred to in the affidavit.[2]

Nevertheless, even had the affidavit in question contained only statements and assertions elicited during other parts of the trial, Quezada's testimony that the affidavit contained "cut-and-paste" portions from his offense report rendered it inadmissible and unreliable under TEX. R. EVID. 803(8)(B); See *Cole v. State*, 839 S.W.2d 798, 811-12 (Tex. Crim. App. 1990) (en banc) (op. on reh'g) (quoting legislative history of FED.R.EVID. 803(8)(B) and stating that the Rule does not "exclude only 'offense reports' pertaining to observations at the scene of the crime or arrest ....."). Permitting the erroneous admission before the jury of a police officer's affidavit that contained cut-and-paste portions from his own offense report, would eviscerate TEX. R. EVID. 803 (8) (B) and open the door to widescale admission at trial of offense reports, so long as the contents in reports could be elicited during other parts of the trials.

Because the error here is non-constitutional, the applicable harm analysis is set out in Rule 44.2(b) of the Texas Rules of Appellate Procedure, which establishes that a non-constitutional error "that does not affect substantial rights must be disregarded." *Id*. This Court has explained that a "criminal conviction should not be

---

[2] In his closing, the prosecutor argued that the magistrate was "at least the fourth person" to review the evidence, and implied the magistrate was satisfied with the investigation. (3 C.R. 364) ("The magistrate analyzed all of the evidence, and that is at least the fourth person that has come into contact with Mr. Saldinger and his case. That magistrate, looking from what Officer Troost said, and Officer Quezada, said that is enough for a warrant.")

overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) citing *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997).

There can be no such assurances in this case. In a trial where the only genuinely disputed issue was intoxication, the influence of an affidavit that bolsters the purported reliability of the investigation, the officers' observations, and the blood test cannot be overstated. Nor can the danger of allowing the erroneous admission before the jury of an affidavit pulled directly from an offense report, over timely and continued objection by defense counsel, be overstated. The Court of Appeals erred as to this ground.

## II. GROUND TWO: The Court of Appeals erred by holding Petitioner's complaints regarding the trial judge's refusal to allow trial counsel to *voir dire* panel on proof beyond a reasonable doubt were not preserved

The Court of Appeals erred in holding that Petitioner did not preserve error regarding the trial judge's refusal to permit him to ask questions regarding proof beyond a reasonable doubt. The Court of Appeals erroneously concluded that Petitioner's proposal constituted no more than a "general topic for discussion."

The Court of Appeals' holding is contrary to this Court's decision in *Fuller v. State*, 363 S.W.3d 583 (Tex. Crim. App. 2012), a case where trial counsel was prevented from addressing the standard of proof in a virtually identical fashion as in this case. In reversing the Court of Appeals, this Court noted that:

8

Granted, we have often said that a trial court has discretion to prohibit an otherwise-proper area of inquiry if the proposed questions are so vague or broad in nature as to constitute a global fishing expedition. But that principle does not apply here. It was appropriate for the Petitioner to explain the contrast among the various standards of proof in this case.

*Id.* at 588. (internal citations and quotations omitted).

In *Fuller*, trial counsel stated he would "like to ask [the jury] if they understand that proof beyond a reasonable doubt is the highest burden that we have anywhere in our legal system." *Id.* In this case, counsel stated that he "wanted to compare reasonable doubt to other standards of proof, standards in criminal – in civil cases, in family law cases. There are standards of proof: Preponderance of the evidence, clear and convincing evidence, scintilla of evidence that I needed to go over with the jury because I don't think reasonable doubt has been covered that way with the venire panel." (2 C.R. at 102-103).

In sum, the <u>only</u> difference between the proposed *voir dire* topic in *Fuller* and this case are minor variations in wording. The Court of Appeals' conclusion that the topic here was not sufficiently tailored and could have "encompassed proper and improper inquiries" ignores this Court's precedent and reveals an overly narrow and rigid application of this Court's rules regarding preservation of error.

This Court has held that one of the purposes of requiring trial counsel to preserve error is to inform the judge of the basis of the objection and give him the change to make a ruling on it. *Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App.

9

2004).[3] No "talismanic" words are needed to preserve error as long as the court can understand from the context what the complaint is. *Zillender v. State,* 557 S.W.2d 515 (Tex. Crim. App. 1977), *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App. 1992); *see also Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App.—2012) (no "magic words" are required to preserve error).

Applying these principles to the context of *voir dire*, this Court has held that "a question that is so vague or broad as to constitute a global fishing expedition is not proper, and fails to preserve error because it is impossible for a reviewing court to determine if the questions is relevant and properly phrased." *Caldwell v. State,* 818 S.W.2d 790, 793 (Tex. Crim. App. 1991).

These concerns are simply not present here, and it was clear to all the parties what Petitioner's proposed *voir dire* topic was. This proposed topic was neither vague, nor broad, nor was there a question as to whether it was relevant or properly phrased – not least of all because the same *voir dire* topic has already been found proper in *Fuller*. The Court of Appeals erred as to this ground.

## III. Ground Three: The Court of Appeals erred by holding Petitioner's complaints regarding the trial judge's refusal to allow trial counsel to *voir dire* panel on police credibility were not preserved

After thirteen members of the venire panel indicated they would be more likely to believe a police witness over a citizen witness, even without knowing about the

---

[3] The other main purpose, "to give opposing counsel the chance to remove the objection or to provide other testimony," is not applicable in the context of this proposed *voir dire* topic. *Id.*

facts of the case, or the police witness' background, Petitioner's counsel requested additional time to further question these members of the venire panel on that topic, but was denied additional time by the trial court. (2 C.R. at 101-102; 2 C.R. at 109). The Court of Appeals erroneously held that because Petitioner did not submit questions on this topic, error was not preserved.

Not only was this topic narrowly tailored, and hardly a "fishing expedition," it was imperative that Petitioner be allowed to further inquire into the extent of these venire members' bias. *See e.g., Gonzalez v. State*, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999) (duty of diligence requires counsel to ask follow-up questions after a potential bias is discovered).

Although it is true that Petitioner did not submit questions, any further voir dire on the topic of police credibility to these thirteen members of the venire panel would necessarily have been narrowly tailored. Given the context of Petitioner's conversation with the trial judge, there was no doubt that on this topic, Petitioner solely wished to inquire further as to this narrow issue, and lay a satisfactory predicate to strike these members of the venire panel for cause. (2 C.R. at 109). Additional *voir dire* on this topic was necessary for counsel to intelligently exercise his peremptory strikes, or to lay the necessary predicate to excuse the jurors for cause. *See Jones v. State,* 223 S.W.3d 379, 390 (Tex. Crim. App. 2007) (before a juror can be excused for cause, he must state he cannot follow the law). The Court of Appeals erred as to this ground.

## PRAYER

Petitioner prays that this Court reverse the judgment in the trial court below and enter an order of acquittal, or should this Court determine an acquittal is not warranted, reverse Petitioner's case for a new trial.

Respectfully submitted,

**/s/** Jose Ceja

JOSE CEJA
Scheiner Law Group
TBN: 24067542
2211 Norfolk Ste. 735
Houston, Texas 77098
Phone: (713) 783-8998
Fax:    (866) 798-9854
jose.ceja@scheinerlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this Petitioner's Petition for Discretionary Review has been served upon the Harris County District Attorney's Office – Appellate Section and upon the State Prosecuting Attorney, on November 23, 2015 by electronic service.

**/s/** Jose Ceja
**JOSE CEJA**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 2,316 words excluding portions not to be counted under TEX. R. APP. P. 9.4(i)(1).

**/s/** Jose Ceja
**JOSE CEJA**

**APPENDIX**

A. Opinion, *Saldinger v. State*, Cause No. 14-14-00402-CR (Tex. App. Houston [14th Dist.] July 30, 2015)

**Affirmed and Opinion filed July 30, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00402-CR

**GREG SALDINGER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Cause No. 1900496**

## O P I N I O N

In three issues, appellant challenges his driving while intoxicated conviction on the basis that the trial court erred in denying his challenges of venire members for cause, limiting his time for voir dire, and admitting into evidence the search warrant authorizing his blood draw for a determination of blood alcohol content and officer's supporting affidavit. We affirm.

### Background

A jury found appellant guilty of driving while intoxicated. The trial court

assessed punishment at one year of confinement in county jail, suspended the sentence, and placed appellant on community supervision for two years.

During voir dire, the trial court instructed appellant's attorney to "close" because he was out of time. At that point, the following exchange occurred:

[Counsel:] This is the final question, and I'll go through as quickly as I can. . . . All things being equal, who would you be more likely to believe if they testified, a police officer or a citizen accused?

[Juror No. 1:] Depends on what they have to say.

[Counsel:] Right, depending on what they had to say. Without knowing would you be more predisposed to believe a police officer or a person accused?

THE COURT: Counsel, the State went over [its time limit] without their poll [of individual venire members], so your poll is ending, and just close it. You're past your time, well past your time. I stopped the State, I'll be stopping you. . . .

[Counsel:] All right. So, we'll have to do it this way. How many people would be, without even knowing the background of the police officer, not knowing anything about him, before he even testifies, would be more likely to believe what a police officer says than what a citizen says?

Thirteen venire members raised their hands in response to the question. The trial court denied appellant's challenges to those prospective jurors for cause.

Blood samples were taken from appellant pursuant to a search warrant to ascertain his blood alcohol content. During trial, the trial court admitted into evidence the warrant and officer's supporting affidavit over appellant's hearsay objection.[1]

---

[1] The warrant and affidavit were admitted as one exhibit.

***Discussion***

Appellant asserts that the trial court abused its discretion by (1) "refusing to strike venire members who indicated they held a bias in favor of the police"; (2) "preventing and limiting" appellant's counsel from examining venire members regarding their potential for bias toward officer testimony and from discussing reasonable doubt; and (3) admitting into evidence the search warrant authorizing appellant's blood draw and officer's supporting affidavit.

**I.      Refusal to Excuse Jurors for Cause within Trial Court's Discretion**

In his first issue, appellant argues the trial court abused its discretion in denying his challenges for cause to the thirteen venire members who raised their hands in response to his counsel's question: "How many people[,] without . . . knowing the background of the police officer . . . before he even testifies, would be more likely to believe what a police officer says than what a citizen says?"[2]

A defendant may challenge a prospective juror for cause who is biased or prejudiced against the defendant or the law applicable to the case. *Comeaux v. State*, 445 S.W.3d 745, 749 (Tex. Crim. App. 2014). A trial judge must excuse the prospective juror if bias or prejudice would impair his or her ability to carry out the oath and instructions in accordance with the law. *Id*. Before the judge excuses the prospective juror, the law must be explained to him or her, and the challenger must show that the prospective juror understood the law and still could not overcome his or her prejudice. *Id*.  We may reverse a trial court's ruling on a challenge for cause only for a clear abuse of discretion because the trial judge is in the best position to evaluate a venire member's demeanor and responses. *Davis v. State*, 329 S.W.3d

---

[2] Appellant asserts that fourteen jurors raised their hands, but appellant counted one juror twice.

798, 807 (Tex. Crim. App. 2010); *Gardner v. State*, 306 S.W.3d 274, 296 (Tex. Crim. App. 2009). We give particular deference to the trial court's decision when a venire member's answers are ambiguous, vacillating, unclear, or contradictory. *See Gardner*, 306 S.W.3d at 296.

The Court of Criminal Appeals has long required trial counsel to ask specific questions to uncover bias during voir dire. *White v. State*, 181 S.W.3d 514, 519 (Tex. App.—Texarkana 2005), *aff'd*, 225 S.W.3d 571 (Tex. Crim. App. 2007) (citing *Gonzales v. State*, 3 S.W.3d 915, 917 (Tex. Crim. App. 1999)); *see also Tate v. State*, 414 S.W.3d 260, 264 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting, in juror misconduct case, "[c]ounsel must ask specific questions, not rely on broad ones, to [determine whether a juror withheld material information during voir dire] and must ask follow-up questions after a potential bias is discovered"). Moreover, the Court of Criminal Appeals repeatedly has addressed challenges for cause against prospective jurors who state a belief that police officers tend to be more credible witnesses than others. *See, e.g., Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002); *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999); *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998); *Smith v. State*, 907 S.W.2d 522, 530–31 (Tex. Crim. App. 1995). Complete impartiality is not required because it is human nature to give certain types of witness a slight edge over others. *See Jones*, 982 S.W.2d at 389. Jurors are not expected to set aside their natural skepticism during trial. *See id.; see also Simpson v. State*, No. 01-12-00380-CR, 2014 WL 2767126, at *4 (Tex. App.—Houston [1st Dist.] June 17, 2014, pet. ref'd) (mem. op.).

Here, appellant's counsel asked a broad question in the abstract, regarding whether the venire members would be more likely to believe a police officer over someone else, without any qualifying information. Prospective jurors responded to

4

this question by raising their hands. Given that complete impartiality is not required, this response to counsel's general question about bias toward police officer testimony alone did not establish bias as a matter of law. *E.g., Feldman*, 71 S.W.3d at 747 ("That [the venire member] was simply more or less skeptical of a certain category of witness did not make him subject to a challenge for cause."); *Ladd*, 3 S.W.3d at 560 ("Thus, [the venire member] was not challengeable for cause because he would tend to believe policemen . . . slightly more than others."). Accordingly, the trial court did not clearly abuse its discretion in refusing to strike these prospective jurors for cause.[3]

We overrule appellant's first issue.

## II. Complaints Regarding Voir Dire Time Limit Not Preserved

In his second issue, appellant complains that the trial court, in declining to extend appellant's allotted time for voir dire, prevented his counsel from "sufficiently address[ing] the venire panel regarding witness credibility and police bias" and "address[ing] proof beyond a reasonable doubt."[4] Appellant asserts that in refusing to allow his counsel more time to address these topics, the trial court violated his Sixth Amendment right to counsel under the United States Constitution and right to be heard under the Texas Constitution. *See* U.S. Const.

---

[3] A defendant must establish harm for the erroneous denial of a challenge for cause by showing on the record that he (1) asserted a clear and specific challenge for cause which was denied; (2) used a peremptory challenge on the complained-of venire member; (3) exhausted his peremptory challenges; (4) requested additional strikes and his request was denied; and (5) identified an objectionable juror who sat on the jury that would have been struck otherwise. *Comeaux*, 445 S.W.3d at 749; *Davis*, 329 S.W.3d at 807. By complying with these steps, the defendant shows that he actually needed the peremptory strike that he was forced to use on a biased juror. *Comeaux*, 445 S.W.3d at 750. Because we find no error, we need not reach the harm analysis. *See id*. (noting defendant must establish harm "[w]hen the trial judge denies a valid challenge for cause").

[4] At trial, appellant asked also to discuss sentencing with the venire. That topic is not argued on appeal.

amend. VI; Tex. Const. art. I, § 10.

The trial court has broad discretion over jury selection. *Woods v. State*, 152 S.W.3d 105, 108 (Tex. Crim. App. 2004). Without the trial court's ability to impose reasonable limits, voir dire could go on indefinitely. *Id*. Absent an abuse of discretion, we will not reverse the trial court's refusal to allow defense counsel additional time on voir dire. *Dhillon v. State*, 138 S.W.3d 583, 587 (Tex. App.— Houston [14th Dist.] 2004, pet. struck). A trial court abuses its discretion only when it prohibits a proper question about a proper area of inquiry. *Woods*, 152 S.W.3d at 108. A question is proper if it seeks to discover a prospective juror's views on an issue applicable to the case. *Id*. To preserve error regarding the manner of voir dire, the record must reflect a proper question that the trial court has not allowed venire members to answer. *Dhillon*, 138 S.W.3d at 589. That the trial court generally disapproved of an area of inquiry from which proper questions could have been formulated is not enough because the trial court might have allowed the proper question had it been submitted for the court's consideration. *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003).

During voir dire, the trial court instructed appellant's counsel to "close," because he had run out of time: "Counsel . . . your poll is ending, and just close it. You're past your time, well past your time. I stopped the State, I'll be stopping you."[5] Appellant's counsel then asked the panel the above-referenced question, regarding whether any venire members "would be more likely to believe what a police officer says than what a citizen says."[6] Appellant's counsel did not submit

---

[5] The trial court had informed the State at the beginning of its voir dire that it had 20 to 25 minutes. Also, during appellant's voir dire, the trial court gave appellant's counsel a five minute warning and told him to "use [his] time wisely."

[6] A question that is so vague or broad to constitute a global fishing expedition is not proper and fails to preserve error because it is impossible for a reviewing court to determine if the question is relevant and properly phrased. *Dhillon*, 138 S.W.3d at 589. As addressed above,

any other questions regarding this topic to the trial court for consideration that the trial court prevented him from asking. Accordingly, appellant did not preserve error as to his complaint that the trial court prevented him from addressing witness credibility and police bias. *See id*.

After the trial court informed appellant's counsel that his time for voir dire had elapsed, he objected on the basis that he had not "covered" the standard of proof beyond a reasonable doubt, but he did not submit any questions on this issue to the trial court for consideration. He stated only that he wanted to compare reasonable doubt to other standards of proof.[7] That proposal presented only a general topic for discussion.[8] Counsel did not submit narrowly tailored questions, and the proposed topic could have encompassed proper and improper inquiries. *See Dhillon*, 138 S.W.3d at 589; *see also Godine v. State*, 874 S.W.2d 197, 200-01 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (stating a trial court should not have to "anticipate the form in which a specific question emanating from a topic will be asked"). Thus, appellant did not preserve error as to his complaint that the trial court prevented him from addressing the standard of proof beyond a reasonable doubt.[9] *See Dhillon*, 138 S.W.3d at 589; *Godine*, 874 S.W.2d at 200.

We overrule appellant's second issue.

---

this question was broad and abstract.

[7] Appellant's counsel stated:

I wanted to compare reasonable doubt to other standards of proof . . . [p]reponderance of the evidence, clear and convincing evidence, scintilla of evidence that I needed to go over with the jury because I don't think reasonable doubt has been covered that way with this venire panel.

[8] The trial court responded: "First, I covered both of those topics thoroughly [in the court's initial voir dire. Second, t]he jury commented on both of those topics. Third, I gave both sides equal time, both sides equal lead. The topics have been covered, your objection is overruled."

[9] We thus do not address whether the trial court abused its discretion in declining to extend appellant's allotted time for voir dire.

7

### III.   No Harm in Admitting Search Warrant and Affidavit

In his third issue, appellant complains that the trial court abused its discretion in admitting into evidence over appellant's hearsay objection the search warrant authorizing his blood draw and the officer's supporting affidavit. The State concedes that search warrants and supporting affidavits generally are inadmissible hearsay but asserts that they were admissible in this case because appellant raised the issue of probable cause in the presence of the jury. We conclude that the trial court abused its discretion in admitting the evidence but the error was harmless.

We review a hearsay challenge to the trial court's admission of evidence for an abuse of discretion. *Lyle v. State*, 418 S.W.3d 901, 903 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.*

The recitals contained in a search warrant and supporting affidavit generally are inadmissible hearsay. *Foster v. State*, 779 S.W.2d 845, 857–58 (Tex. Crim. App. 1989); *Ortiz v. State*, 999 S.W.2d 600, 607 (Tex. App.—Houston [14th Dist.] 1999, no pet.). An exception applies when a defendant makes probable cause an issue before the jury. *Baxter v. State*, 66 S.W.3d 494, 498 n.2 (Tex. App.—Austin 2001, pet. ref'd). The existence of probable cause is generally a question of law not presented to the jury. *Madden v. State*, 242 S.W.3d 504, 511 (Tex. Crim. App. 2007); *Grubbs v. State*, 440 S.W.3d 130, 138 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The trial judge decides the necessary quality and quantum of proof necessary to establish probable cause under the circumstances of a given case. *See Madden*, 242 S.W.3d at 511 (applying principle to determination of reasonable suspicion). However, if the facts necessary to establish probable cause are disputed, the jury may be required to decide whether the officer's belief in

those facts was reasonable. *See id.*; *see also Grubbs*, 440 S.W.3d at 138 (holding defendant was not entitled to jury instruction on probable cause because "there was no conflict in the evidence that raised a disputed fact issue material to the legal question of probable cause").

The State argues appellant made probable cause an issue because appellant argued to the jury that police officers mistakenly believed he was intoxicated. We disagree. Appellant did not challenge the facts upon which the officers claim to have relied in deciding to arrest him. Appellant's assertion that officers mistook his demeanor for intoxication, standing alone, does not implicate probable cause; it implicates the merits of the offense, in other words, whether appellant actually was intoxicated, regardless of the officers' beliefs. Accordingly, the trial court abused its discretion in admitting the search warrant and supporting affidavit into evidence. *See Warr v. State*, 418 S.W.3d 617, 619 & n.1 (Tex. App.—Texarkana 2009, no pet.) (acknowledging, unless a defendant disputes the existence of a warrant or makes probable cause an issue before the jury, "it is error for the trial court to admit the affidavit and the search warrant over an objection that they contain hearsay"); *see also Gonzales v. State*, No. 14-00-00702-CR, 2002 WL 122867, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2002, pet. ref'd) (mem. op.) (holding, when probable cause was not contested, trial court erroneously admitted hearsay statements in arrest warrant and affidavit over defendant's objection).

We now consider whether the trial court's error warrants reversal. We may not reverse a conviction due to erroneous admission of hearsay testimony unless we determine that it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). An error affects a substantial right when it has a substantial and injurious effect or influence

9

in determining the jury's verdict. *Taylor*, 268 S.W.3d at 592. Non-constitutional error (such as the erroneous admission of hearsay testimony) is harmless if we have fair assurance that the error had no influence or only a slight influence on the jury. *Id*.

The improper admission of evidence is harmless if the same evidence is presented at trial without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Amador v. State*, 376 S.W.3d 339, 345 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We therefore examine the warrant and affidavit to identify information that was admitted without objection—or properly admitted—through other evidence. *See Gonzales*, 2002 WL 122867, at *2.

Officer Quezada, who testified at trial, executed the affidavit in support of the search warrant.[10] The affidavit sets forth information regarding (1) Quezeda's training, background, and qualifications; (2) facts involving the traffic stop of appellant that Quezeda learned from two other officers who participated in appellant's arrest; (3) Quezeda's personal observations of appellant at the "central intox" station, including appellant's performance on field sobriety tests conducted in the "intox room"; (4) appellant's refusal to provide a blood sample; and (5) Quezeda's identification of appellant by his driver's license. This information was presented at trial without objection through the live testimony of the three officers involved in appellant's arrest.[11]

---

[10] The warrant does not contain any facts. It authorizes officers to search appellant and obtain his blood samples. We note that although appellant's counsel objected to the trial court's admission of the warrant and affidavit into evidence, he did not object to Quezeda's testimony about obtaining the warrant. State's counsel asked, "[T]o have a search warrant issued, what do you need to do?" Quezeda replied, "Make sure we have probable cause for the stop, signs of intoxication, and a judge has to sign it."

[11] The officers also identified appellant at trial.

Quezeda also opined in the affidavit that the method used by the State to test blood samples is "reliable." Appellant contends that Quezeda's opinion "appears nowhere else in the record, and is highly prejudicial." Although Quezeda did not testify at trial regarding the reliability of the State's blood sample testing, the State's toxicology expert testified without objection that the blood sample test results obtained in this case were "accurate and valid." Quezeda's opinion was consistent with the toxicology expert's opinion. We conclude that Quezada's opinion on the reliability of blood sample testing could have influenced the jury only slightly, if at all, because it was consistent with other evidence presented at trial without objection. *See Amador*, 376 S.W.3d at 345 (holding similar statements made by another witness amounted to evidence that had little or no influence on jury).

We conclude the improper admission of the arrest warrant and the affidavit did not have a substantial and injurious effect or influence in determining the jury's verdict because the information in the search warrant and affidavit was otherwise presented at trial without objection. *See id*. Therefore, the trial court's error in admitting the warrant and affidavit was harmless.

We overrule appellant's third issue.

We affirm the judgment of the trial court.

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Jamison, Busby, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

11