

★ ★ ★ ★ ★

# OPINION

No. 04-09-00082-CV

**IN RE TEXAS MUTUAL INSURANCE COMPANY** and **EVIE VILLARREAL**

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    April 29, 2009

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

Relators Texas Mutual Insurance Co. and Evie Villarreal, defendants in the underlying

proceeding, seek a writ of mandamus to compel the trial court to (1) vacate its February 3, 2009

order denying Defendants' Plea to the Jurisdiction, and (2) dismiss plaintiff's claims for lack of

jurisdiction. We conditionally grant mandamus relief in part and deny in part.

---

[1] This proceeding arises out of Cause No. DC-08-20, styled *Luis Hernandez v. Texas Mutual Insurance Co. and Evie G. Villarreal*, pending in the 229th Judicial District Court, Duval County, Texas, the Honorable Alex W. Gabert presiding.

# BACKGROUND

The underlying dispute arose out of a workers' compensation claim made by Luis Hernandez after he was injured on the job at an oil rig in February of 2006. As a result of the incident, Hernandez was hospitalized and underwent multiple brain surgeries. While Hernandez was in the hospital, the hospital performed blood tests, including a blood-alcohol test. The toxicology report was sent to Texas Mutual Insurance Co., the workers' compensation carrier for Hernandez's employer. According to relators, the results of the toxicology report were misunderstood by Evie Villarreal, the adjuster for Texas Mutual who was handling Hernandez's claim. Based on her understanding of the toxicology report, Ms. Villarreal denied Hernandez's claim, asserting he did not sustain a compensable injury because his injury occurred while he was in a state of intoxication. Hernandez asserts that his employer and others made an attempt to explain to relators that Hernandez was not intoxicated on the job. However, according to relators, Hernandez did nothing for the nine months following the initial denial of the benefits.

In December of 2006, Hernandez's counsel called Ms. Villarreal to schedule a benefit review conference. The formal request for the benefit review conference, dated December 6, 2006, indicates that Hernandez is "[c]ontesting the determination that Mr. Hernandez did not sustain a compensable injury." The request further provides Hernandez is disputing the determination that the injury occurred while he was in a state of intoxication. Then, on January 22, 2007, Hernandez's counsel called Ms. Villarreal and informed her that Texas Mutual had misread the toxicology report. According to relators, Ms. Villarreal immediately consulted a physician, who also read the report as

showing that Hernandez was intoxicated. The physician requested a peer review report and discovered the report had been misread.

On January 26, 2007, relators sent a "Notification of First Temporary Income Benefit Payment." The notification provided that relators were issuing two checks, one for temporary income benefits plus interest for the period of February 24, 2006 to May 7, 2006, and another for temporary income benefits for the period of May 8, 2006 to January 25, 2007. On February 8, 2007, relators claim that at the request of Hernandez's counsel, relators and Hernandez entered into a Benefit Dispute Agreement ("BDA"). The BDA acknowledged that Hernandez sustained a compensable injury on February 23, 2006. Over two years later, the hospital sought payment of Hernandez's medical bills, which were denied by relators because the bills were untimely and the hospital never sought administrative remedies for the initial denial of its bills.

On January 30, 2008, Hernandez filed suit against relators, alleging relators acted in bad faith in the handling of his workers' compensation claim. Relators filed a motion for summary judgment and asserted a plea to the jurisdiction, claiming (1) Hernandez failed to exhaust the Texas Department of Insurance, Department of Workers' Compensation ("DWC") remedies as to medical benefits and temporary income benefits because there was no DWC determination of relators' liability for those benefits, and (2) Hernandez failed to exhaust the DWC delay remedies. The trial court denied relators' motion for summary judgment and plea to the jurisdiction. Relators filed this petition for writ of mandamus, seeking to compel the trial court to vacate its February 3, 2009 order denying the plea to the jurisdiction, and dismiss Hernandez's claims because Hernandez failed to exhaust DWC remedies.

## ANALYSIS

### A. *Standard of Review*

Mandamus will issue only to correct a clear abuse of discretion for which the relators have no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding).

#### 1. Abuse of Discretion

"A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). Whether a trial court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A review of a trial court's determination of the legal principles controlling its ruling is much less deferential than a review of a trial court's factual determinations. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in its determination of what the law is or when applying the law to the facts. *Id.* Therefore, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

#### 2. Availability of Mandamus Relief

Hernandez contends relators are not entitled to mandamus relief because relators have an adequate remedy by appeal. "As a general rule, mandamus does not lie to correct incidental trial court rulings when there is a remedy by appeal." *In re Entergy*, 142 S.W.3d at 320. However, the Texas Supreme Court has held that the erroneous denial of a plea to the jurisdiction based on

exclusive agency jurisdiction can justify mandamus relief where it interferes with the legislatively mandated function and purpose of the agency and is a "clear disruption of the 'orderly processes of government.'" *Id.* at 321; *see also In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding); *In re Tex. Mut. Ins. Co.*, 157 S.W.3d 75, 78 (Tex. App.—Austin 2004, orig. proceeding) ( holding that in accordance with *In re Entergy*, mandamus is appropriate when the trial court's denial of a plea to the jurisdiction disrupts the "orderly processes of government" when the DWC has exclusive jurisdiction); *see also In re Tex. Mut. Ins. Co.*, No. 05-05-00944-CV, 2005 WL 1763562 * 1-2 (Tex. App.—Dallas July 27, 2005, orig. proceeding) (mem. op.) (applying the same).

Relators assert mandamus relief is justified here because the DWC has exclusive jurisdiction over the dispute between Hernandez and relators, and, therefore, proceeding with the lawsuit interferes with the DWC's legislatively mandated function and purpose and is a "clear disruption of the orderly processes of government." *See In re Entergy*, 142 S.W.3d at 321. "An agency has exclusive jurisdiction when the Legislature has granted that agency the sole authority to make an initial determination in a dispute." *Id.* Whether an agency has exclusive jurisdiction is a matter of law we review *de novo. Id.* at 322.

In order to determine if the DWC has exclusive jurisdiction over Hernandez's claims, we must first determine what claims Hernandez is making in the trial court. To do so, we liberally read his petition. *See Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001). Hernandez claims (1) damages for relators' bad faith denial of medical benefits, and (2) damages for relators' bad faith delay in paying temporary income benefits. The Texas Workers' Compensation Act

provides that the "exclusive remedy of an employee covered by the workers' compensation insurance coverage" for a work-related injury is "[r]ecovery of workers' compensation benefits" as provided under the Act. *See* TEX. LAB. CODE ANN. § 408.001(a) (Vernon 2006). The Act in part defines "benefits" as medical benefits and income benefits. *Id.* § 401.011(5) (Vernon 2006 & Vernon Supp. 2008). Therefore, "[t]he [DWC] has jurisdiction of disputes over income benefits, preauthorization of medical care, and reimbursement of medical expenses." *Id.* Because the medical benefits and temporary income benefits Hernandez sought damages for are within the exclusive jurisdiction of the DWC, we conclude proceeding with the lawsuit would interfere with the DWC's "sole authority to make an initial determination in [the] dispute" if Hernandez did not first exhaust his administrative remedies as to all of his claims. *See In re Entergy*, 142 S.W.3d at 321. Therefore, we conclude relators are entitled to seek mandamus relief if Hernandez did not exhaust his administrative remedies in the DWC. *See id.*; *see also In re Southwestern Bell*, 235 S.W.3d 624. Accordingly, we next turn to the question of whether Hernandez exhausted his administrative remedies.

**B.      *Exhaustion of Administrative Remedies - Medical Benefits and Temporary Income Benefits***

If an agency has exclusive jurisdiction, a claimant must exhaust all administrative remedies in the agency before filing a claim in the trial court. *See In re Entergy*, 142 S.W.3d at 321. "Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *Id.* at 321-22. The Texas Workers' Compensation Act provides a four-tier system for the disposition of claims by the DWC. *See* TEX. LAB. CODE ANN. §§ 410.021-410.209 (Vernon 2006) (first tier: benefit review conference;

second tier: contested case hearing; third tier: review by an administrative appeals panel; and, fourth tier: judicial review of appeals panel decision).  In the first tier, the parties participate in a benefit review conference conducted by a benefit review officer.  *See id.* §§ 410.021-.034.  The conference is a nonadversarial and informal dispute resolution proceeding designed to "mediate and resolve disputed issues by agreement of the parties."  *Id.* § 410.021(3).  Additionally, "[a] dispute may be resolved in whole or in part at a benefit review conference."  *Id.* § 410.029(a).  Following the conclusion of the benefit review conference, the benefit review officer reduces the agreement to writing and the parties and the officer sign the agreement.  *Id.* § 410.029(b).  Therefore, according to the plain language of the Act, the claimant and the insurance carrier can enter into a binding written agreement that resolves all disputed issues during the first tier of the process.  *Id.*; *see also In re Tex. Workers' Comp. Ins. Fund*, 995 S.W.2d 335, 337 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding [mand. denied]).  The Act does not "require a claimant to continue through all four tiers of the disposition process if the parties agree on the claimant's compensation benefits at an earlier stage in the process." *In re Tex. Workers' Comp. Ins. Fund*, 995 S.W.2d at 337.

Here, the parties and the benefit review officer signed the BDA, agreeing that Hernandez sustained a compensable injury on February 23, 2006.  Relators assert, however, that Hernandez failed to exhaust his administrative remedies because the BDA did not include a DWC determination of liability for the medical bills or a DWC determination regarding the temporary income benefits. On the other hand, Hernandez contends he exhausted all of his administrative remedies as to both the medical benefits and the temporary income benefits because no dispute remained after the parties entered into the BDA.

Accordingly, we next must determine whether Hernandez exhausted his administrative remedies as to the (1) medical bills, and (2) temporary income benefits when the parties executed the BDA. Because the trial court may both look at the pleadings and consider evidence to resolve whether Hernandez exhausted his administrative remedies, we also review the pleadings and the evidence relevant to the jurisdictional issue. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

### 1. Medical Benefits

A review of the BDA indicates there is no mention of the medical benefits and relators never paid any medical benefits or acknowledged that Hernandez was entitled to such benefits. In addition, neither Hernandez nor the hospital sought payment of the medical benefits prior to entering into the BDA. In fact, Hernandez did not seek payment of the hospital bills until after the time for disputing the denial of the medical bills had expired.[2] Without a DWC determination that medical benefits were due, Hernandez is unable to obtain damages for a denial of such benefits. *See Fodge*, 63 S.W.3d at 804.[3] Therefore, we conclude Hernandez did not exhaust his administrative remedies as

---

[2] According to the Texas Administrative Code, the hospital was required to dispute Texas Mutual's denial of the medical bills "no later than one year after the date(s) of service in dispute." 28 TEX. ADMIN. CODE § 133.307(D)(1) (2003) (Texas Department of Insurance, Division of Workers' Compensation, Medical Dispute Resolution of Medical Fee Dispute) (current version at 28 TEX. ADMIN. CODE § 133.307(C)(1)(A) (2008) (Texas Department of Insurance, Division of Workers' Compensation, MDR of Fee Dispute)); *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 657-58 (Tex. 2004). In addition, we note the parties do not dispute Hernandez cannot be held liable for the hospital bills. *See* TEX. LAB. CODE ANN. § 413.042(a)(1).

[3] In addition, Hernandez's claim is made no more viable simply by restating it under the other legal theories he has asserted in the trial court. *See Fodge*, 63 S.W.3d at 804. "To award damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would . . . circumvent the Commission's exclusive authority to decide that issue." *Id*.

to the medical benefits, and therefore, the claim is not within the trial court's jurisdiction and should be dismissed.

### 2. Temporary Income Benefits

Relators also allege that because the BDA is silent regarding temporary income benefits and fails to mention Hernandez is disabled, the BDA is not a DWC determination as to the temporary income benefits and Hernandez cannot seek damages for relators' alleged delay in paying the temporary income benefits. On the other hand, Hernandez asserts the exhaustion of remedies does not require a claimant to needlessly pursue administrative remedies after the parties no longer have any disputed issues. We agree with Hernandez.

The Texas Labor Code specifically provides that the benefit review conference is designed to "mediate and resolve *disputed* issues by agreement of the parties." *See* TEX. LAB. CODE ANN. § 410.021(3) (Vernon 2006) (emphasis added). Here, when the parties and the benefit review officer signed the BDA acknowledging Hernandez sustained a compensable injury, relator had paid Hernandez all of the temporary income benefits due, thereby resolving the dispute regarding those benefits.[4] Therefore, we conclude that because the temporary income benefits were paid in full at the time relators acknowledged in the BDA that Hernandez sustained a compensable injury, there was no further dispute regarding those benefits that remained to be resolved in the administrative process.

---

[4] Relator's January 26, 2007 "Notification of First Temporary Income Benefit Payment" indicates that two checks for temporary income benefits were issued; one for temporary income benefits plus interest for the period of February 24, 2006 to May 7, 2006, and another for temporary income benefits plus interest for the period of May 8, 2006 to January 25, 2007.

Based on a review of the facts of this case, we conclude Hernandez exhausted his administrative remedies as to the temporary income benefits, and, therefore, the trial court did not abuse its discretion in denying relators' plea to the jurisdiction as to Hernandez's claims relating to relators' delay in paying temporary income benefits.

*C.* *Exhaustion of Administrative Remedies - Delay Remedies*

Additionally, relators contend Hernandez was required to seek the delay remedies provided by the DWC in order for the trial court to have jurisdiction over Hernandez's claim for damages for relators' delay in paying him temporary income benefits. We disagree. The Texas Labor Code provides a permissive mechanism for a claimant to request an interlocutory order for the payment of benefits if the benefit review officer determines the issuance of the order is appropriate. *See* TEX. LAB. CODE ANN. § 410.032 (Vernon 2006). In addition, the Texas Administrative Code provides a permissive mechanism for a claimant to obtain an expedited resolution of his claim if it is determined it will serve the best interest of the workers' compensation system or its participants. *See* 28 TEX. ADMIN. CODE § 140.3 (1993) (Texas Department of Insurance, Division of Workers' Compensation, Expedited Proceedings). Nothing in either provision requires a claimant to request these expedited remedies from the DWC as an exclusive remedy. Therefore, we conclude the trial court did not abuse its discretion in denying the plea to the jurisdiction on this basis.

**CONCLUSION**

Accordingly, we conditionally grant the petition for writ of mandamus as to Hernandez's claims relating to relators' denial of medical benefits, and order the trial court to (1) vacate in part its February 3, 2009 order denying Defendants' Plea to the Jurisdiction, and (2) dismiss Hernandez's

claims relating to relators' denial of medical benefits.  All other relief requested is denied.  The writ will issue only if the trial court fails to vacate its order in accordance with this opinion and dismiss the appropriate claim within ten days.


Sandee Bryan Marion, Justice