

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00860-CV

**IN RE VILORE FOODS COMPANY, Inc.**

Original Mandamus Proceeding[1]

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 11, 2020

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, Relator Vilore Foods Company, Inc. asserts the trial court erred by denying its plea to the jurisdiction. Vilore Foods argues the evidence conclusively establishes that Catalina Castillo, the real party in interest, did not exhaust her administrative remedies; the trial court lacks jurisdiction; and mandamus is proper.

We agree and conditionally grant the petition.

**BACKGROUND**

While Castillo was employed by Vilore Foods, she reported to her employer that she was injured on the job. She completed an incident report as required, and Vilore Foods sent her to a medical facility where she was treated the same day. After she was treated on several more

---

[1] This proceeding arises out of Cause No. 2019CVF00316 D1, styled *Catalina Castillo v. Vilore Foods Co., Inc. and Raymundo Bretano*, pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Joe Lopez presiding.

occasions, she was notified by Vilore Foods's workers' compensation carrier that she was not eligible for further benefits. After she received the carrier's denial, she continued to receive medical treatments. She eventually sued Vilore Foods for negligence, negligent supervision, and misrepresentation.

In its plea to the jurisdiction, Vilore Foods asserted that Castillo had not exhausted her administrative remedies, and the trial court lacked jurisdiction. The trial court denied the plea, and Vilore Foods petitioned this court for a writ of mandamus. Castillo filed a response, and Vilore Foods replied to Castillo's response.

Before we address the parties' arguments, we briefly recite the standard of review and applicable law.

## STANDARD OF REVIEW

When there is no adequate remedy by appeal, mandamus relief is proper to correct a clear abuse of discretion. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if fails "to analyze or apply the law correctly." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *accord In re Tex. Mut. Ins. Co.*, 329 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, orig. proceeding).

When we review the trial court's decision for whether it applied the law correctly in a plea to the jurisdiction, "we take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

## EXCLUSIVE JURISDICTION

"The Workers' Compensation Act vests the Workers' Compensation Division with exclusive jurisdiction to determine a claimant's entitlement to medical benefits." *In re Liberty*

*Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (per curiam); *accord In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5. "[O]nly the Commission can determine a claimant's entitlement to compensation benefits." *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001); *accord In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5.

"If an agency has exclusive jurisdiction, a claimant must exhaust all administrative remedies in the agency before filing a claim in the trial court." *In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5 (citing *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004)). "Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *In re Entergy Corp.*, 142 S.W.3d at 321–22; *In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5.

If the trial court's subject matter jurisdiction is challenged in a plea to the jurisdiction and the undisputed evidence shows the claimant has failed to exhaust its administrative remedies, the trial court must grant the plea as a matter of law. *See In re Entergy Corp.*, 142 S.W.3d at 321–22; *Miranda*, 133 S.W.3d at 228.

## PARTIES' ARGUMENTS

In seeking mandamus relief, Vilore Foods argues, in effect, that the evidence conclusively establishes that Castillo did not exhaust her administrative remedies. It insists that the trial court lacked jurisdiction over any of Castillo's claims and mandamus relief is appropriate to correct the trial court's error.

Castillo does not dispute that she did not exhaust her administrative remedies. But she insists the trial court properly denied Vilore Foods's plea to the jurisdiction for three reasons: Vilore Foods failed to conclusively prove its exclusive remedy affirmative defense, the estoppel doctrine bars Vilore Foods's exclusive remedy defense, and her negligence, fraudulent

misrepresentation, and negligent misrepresentation claims are not barred by the exclusive remedy provision.

ANALYSIS

The relevant evidence in this mandamus matter is largely undisputed. Where it is disputed, for purposes of this review, we take Castillo's evidence as true. *See Miranda*, 133 S.W.3d at 228.

Castillo was Vilore Foods's employee, she was at work in Vilore Foods's facility when she was injured in a workplace accident, and Vilore Foods had workers' compensation coverage in effect at that time. Castillo filed an accident report with Vilore Foods the same day, Vilore Foods referred her to a provider for treatment, and she was treated on several occasions.

After Castillo was denied further benefits by Vilore Foods's carrier, she did not seek a decision from the Division of Workers' Compensation on whether she was entitled to further compensation benefits. In her affidavit, she states she "did not pursue a workers' compensation claim since they told me I was not in the course and scope of employment when I was injured." Instead, she sued Vilore Foods for negligence, negligent supervision, and misrepresentation. *Contra Fodge*, 63 S.W.3d at 804; *In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5.

But as in *Fodge*, Castillo's "claim for damages from denied medical treatment is made no more viable simply by restating it under the other legal theories she asserted—negligence, [negligent supervision, and misrepresentation]." *See Fodge*, 63 S.W.3d at 804 (listing Fodge's claims as "negligence, fraud, and statutory violations"). Each of Castillo's claims are for damages resulting from the denied medical treatment, and "[t]o award [Castillo] damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would . . . circumvent the Commission's exclusive authority to decide that issue." *See id.*

The evidence conclusively establishes that Castillo did not exhaust her administrative remedies and each of her claims are for damages resulting from her denied medical treatment. *Cf.*

*id.* The trial court erred by failing to grant Vilore Foods's plea to the jurisdiction. *See In re Entergy Corp.*, 142 S.W.3d at 321–22 ("Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction."); *In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5.

### CONCLUSION

The evidence conclusively establishes that Vilore Foods was Castillo's employer, Vilore Foods had workers' compensation coverage, and Castillo did not exhaust her administrative remedies before she sued Vilore Foods. Thus, the trial court lacked jurisdiction over Castillo's suit, and the trial court erred by not granting Vilore Foods's plea to the jurisdiction.

We conditionally grant Vilore Foods's petition for writ of mandamus. We order the trial court to (1) vacate its October 2, 2019 order denying Vilore Foods Company, Inc.'s plea to the jurisdiction and (2) render an order granting Vilore Foods Company, Inc.'s plea to the jurisdiction which dismisses Castillo's cause for want of jurisdiction. The writ will issue only if the trial court fails to comply with this opinion and order within fifteen days from the date of this opinion and order.

Patricia O. Alvarez, Justice