

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00386-CV

**IN RE TEXAS MUTUAL INSURANCE COMPANY**, Judy Bond, and Allstate County Mutual Insurance

Original Mandamus Proceeding[1]

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: February 26, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DENIED IN PART

Edward Santos alleges Relators Texas Mutual Insurance Company, Judy Bond, and Allstate County Mutual Insurance are liable for causing his injuries to be compensated through workers' compensation benefits, thereby limiting liability under other coverages. Relators bring this original proceeding challenging the trial court's denial of their pleas to the jurisdiction. We conclude the trial court clearly abused its discretion by denying Texas Mutual and Bond's joint plea to the jurisdiction, and we conditionally grant the petition for a writ of mandamus.

After considering Allstate's petition and the mandamus record, we deny the relief requested by Allstate. *See* TEX. R. APP. P. 52.8(a).

---

[1] This proceeding arises out of Cause No. 2024-CI-07317, styled *Edward Santos v. Texas Mutual Insurance Company, et al.*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

**BACKGROUND**

In January of 2018, after Edward Santos had completed landscaping work for B&T at an apartment complex, B&T co-owner Bernell Gardener offered him a ride back to his car. Santos and another co-worker climbed into the bed of Gardener's pick-up truck that had an equipment trailer attached. While Gardener was driving, Santos fell out of the back of the pickup truck and landed between the pickup truck and trailer, sustaining serious injuries. He was in a coma for two months.

At the time, B&T carried both workers' compensation coverage and employer's liability coverage from Texas Mutual Insurance Company. Allstate was B&T's commercial automobile liability insurance carrier. B&T reported Santos's injury as work-related, and Texas Mutual's investigation—partly performed by Texas Mutual adjuster Bond—confirmed Santos had been injured while in the course and scope of his employment. As a result, Santos began receiving workers' compensation benefits, and Texas Mutual paid for Santos's medical care and subsequent treatment.

Three and a half years after the accident, a physician determined Santos had reached maximum medical improvement. Santos disputed the determination with the Texas Department of Insurance, Division of Workers' Compensation ("the Division"). A hearing before an administrative law judge occurred, but Santos did not appear at the hearing. The administrative law judge issued a decision and order in favor of Texas Mutual in September of 2021. Santos did not appeal.

Santos filed a lawsuit in September 2018 against B&T and Gardener. He amended his petition to add Texas Mutual, Bond, and Allstate as defendants in 2023. Thereafter, Texas Mutual, Bond, and Allstate filed pleas to the jurisdiction, arguing the Division had exclusive jurisdiction

to determine whether Santos's claims were compensable under the Texas Workers' Compensation Act. The trial court denied the pleas to the jurisdiction.[2]

Relators now request we grant their petition and issue a writ of mandamus to Respondent directing Santos's claims against them be dismissed for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

"Mandamus relief is appropriate when the trial court lacks jurisdiction to hear a case." *In re Lubbock*, 624 S.W.3d 506, 512 (Tex. 2021) (orig. proceeding). To be entitled to mandamus relief, a relator must show: (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "In determining whether the trial court abused its discretion with respect to resolution of factual matters, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding). In other words, we must defer to the trial court's factual determinations if they are supported by the evidence, but we review de novo the trial court's legal determinations. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Mandamus relief may be proper if a plea to the jurisdiction is based on exclusive agency jurisdiction when the denial of the plea "interferes with the legislatively mandated function and

---

[2] Before issuing its order, the trial court granted Gardener and B&T's severance motion, severing the claims against Texas Mutual, Bond, and Allstate into a new cause number: 2024-CI-07317 (this included additional parties not party to this original proceeding). The trial court signed the order under the original, pre-severance cause number but issued a corrected order on May 29, 2024 with the correct cause number.

purpose of the agency and is a clear disruption of the orderly processes of government." *In re Prentis*,__ S.W.3d__, No. 01-23-00616-CV, 2024 WL 3862953, at *8 (Tex. App.—Houston [1st Dist.] Aug. 20, 2024, orig. proceeding) (mem. op.) (quoting *In re Tex. Mut. Ins. Co.*, 329 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, orig. proceeding)) (internal quotation marks omitted). If "an agency has exclusive jurisdiction and the plaintiff has not exhausted administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) (per curiam); *see, e.g.*, *In re Vilore Foods Co., Inc.*, No. 04-19-00860-CV, 2020 WL 1159060, at *1 (Tex. App.—San Antonio Mar. 11, 2020, orig. proceeding) (mem. op.) (stating same).

Whether exclusive jurisdiction is vested in the Division of Workers' Compensation as to the claims against Texas Mutual, Bond, and Allstate is a question of law we review de novo. *See, e.g.*, *Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 752; *see also Lubbock*, 624 S.W.3d at 512 ("We review a trial court's ruling on a plea to the jurisdiction de novo."); *Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69, 72 (Tex. App.—San Antonio 2018, no pet.) (providing this court reviews de novo "[w]hether a trial court has subject matter jurisdiction, including the issue of exhaustion of administrative remedies").

"When the pleadings are challenged, we review whether the alleged facts, if true, affirmatively demonstrate jurisdiction; because we construe pleadings liberally in favor of the pleader, we will grant a plea to the jurisdiction without an opportunity to replead only if the pleadings affirmatively negate jurisdiction." *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one

of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Berrelez,* 562 S.W.3d at 72.

When a plea challenges the existence of jurisdictional facts, as here, we "must move beyond the pleadings and consider evidence." *City of San Antonio v. Riojas*, 640 S.W.3d 534, 536 n.8 (Tex. 2022) (quoting *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021)) (internal quotation marks omitted). "The analysis then mirrors that of a traditional summary judgment." *Id.* (quoting *Lara*, 625 S.W.3d at 52) (internal quotation marks omitted). The defendant therefore has the burden to demonstrate there is no genuine issue as to any material fact, and it is entitled to judgment as a matter of law. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 221, 227–28 (Tex. 2004); *see also* TEX. R. CIV. P. 166a(c). If the defendant carries this burden, the plaintiff must then demonstrate the existence of a disputed material fact on the jurisdictional issue. *See, e.g.*, *Texas Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 281 (Tex. 2023). If "the pleadings and evidence generate a 'fact question on jurisdiction,' dismissal on a plea to the jurisdiction is improper." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022) (quoting *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010)). When determining whether there is an issue of material fact, we must take as true all evidence favoring the plaintiff, indulge every reasonable inference, and resolve any doubts in favor of the plaintiff. *Pope*, 674 S.W.3d at 281. "In doing so, 'we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not.'" *Id.* (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018)).

### TEXAS MUTUAL AND BOND'S JOINT PLEA TO THE JURISDICTION

Texas Mutual and Bond assert the trial court has no subject matter jurisdiction because Santos's claims are all predicated on the question of whether he was an employee injured in the course and scope of his employment—a question within the exclusive jurisdiction of the Division.

They further assert Santos did not exhaust his administrative remedies because he failed to administratively appeal that decision.

In support of the plea, Relators cited as evidence, among other things: (1) the September 12, 2021 decision and order by the administrative law judge (ALJ) of the Division of Workers' Compensation, (2) Santos's live petition—the Eighth Amended Petition, (3) deposition excerpts of the deposition of Judy Bond, and (4) Santos's May 2021 application for supplemental income benefits.

In the Decision and Order, the ALJ found Santos sustained a compensable injury—and coverage was in effect by Texas Mutual workers' compensation insurance on that day. The ALJ concluded the Division had jurisdiction to hear the case and ordered Texas Mutual to pay benefits in accordance with this decision and the Texas Workers' Compensation Act.

In his amended petition, Santos seeks to hold defendants liable for, in a nutshell, conspiring to fraudulently push his claim through the workers' compensation system by misrepresenting his status as an employee injured in the course and scope of employment in order to limit their liability and forestall other coverage under B&T's employer's liability coverage (through Texas Mutual) and its commercial automobile liability policy (through Allstate). Santos sets forth claims for fraud, conspiracy, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.

## A. Exclusive Jurisdiction of the Division of Workers' Compensation

"[T]he determination of whether an employee was in the course and scope of her employment at the time of the alleged injury is a matter within the initial, exclusive jurisdiction of the [Division]." *Berrelez,* 562 S.W.3d at 74. Vesting exclusive jurisdiction with the Division benefits both employees and employers. Employees benefit because workers' compensation insurance "saves the time and litigation expense inherent in proving fault in a common law tort

claim." *Texas Mutual Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 441 (Tex. 2012) (quoting *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 349 (Tex. 2009)) (internal quotation marks omitted). Employers benefit because they are "entitled to assert the statutory exclusive remedy defense against [employee] tort claims . . . for job related injuries." *Ruttiger*, 381 S.W.3d at 441 (quoting *HCBeck, Ltd.*, 284 S.W.3d at 349); *see also In re Poly-Am., L.P.*, 262 S.W.3d 337, 349 (Tex. 2008) (recognizing Act ensures compensation for injured employees while protecting employers from costs and uncertainty of litigation and potentially high damage awards).

The Division's exclusive jurisdiction is well-developed in our caselaw. For example, in *Berrelez,* a housekeeper was assaulted at her place of employment. *Berrelez,* 562 S.W.3d at 71. After the assault, her employer submitted a workers' compensation claim to its insurance carrier, and the Division determined she had a compensable injury. *Id.* But Berrelez never contacted the insurance carrier. *Id.* Instead, she filed suit alleging she was not acting within the course and scope of her employment at the time of the assault, asserting claims for premises liability and gross negligence. *Id.* Her former employer moved to dismiss the claims based on the Division's exclusive jurisdiction and for her failure to exhaust administrative remedies under the Workers' Compensation Act, which the trial court granted. *Id.* at 72. Upon review, we held the trial court properly dismissed Berrelez's claims against her employer for lack of subject matter jurisdiction because she failed to exhaust her administrative remedies and the Division had the exclusive, initial jurisdiction to determine whether an employee was in the course and scope of her employment at the time of the alleged injury. *Id.* at 74.[3]

---

[3] She further argued her claims were subject to an exception under the Act for "personal animosity." *Id.* at 72. But we rejected her contention that pleading such an exception removed her claims from the Division's initial, exclusive jurisdiction to determine whether an employee was in the course and scope of employment at the time of the alleged injury. *Id.* at 75.

Likewise, the Houston Court of Appeals held a plea to the jurisdiction should have been granted on an employee's negligence action against an employer, concluding the Division had exclusive jurisdiction to determine the very question posed by the employee—whether he was injured in the course and scope of his employment at the time of the incident in question. *In re Prentis*, __ S.W.3d __, No. 01-23-00616-CV, 2024 WL 3862953, at *6 (Tex. App.—Houston [1st Dist.] Aug. 20, 2024, orig. proceeding). The Austin Court of Appeals, too, held a deceased worker's family could not bring a claim against a company simply by asserting he was not an employee at the time of the incident because the Division had exclusive jurisdiction to resolve any question regarding the employee's employment status. *In re Hellas Constr., Inc.*, 2022 WL 2975702, at *6 (Tex. App.—Austin, July 28, 2022, orig. proceeding) (mem. op.).[4]

In *Berrelez*, *Prentis*, and *Hellas*, the employees asserted various legal theories, such as negligence, to address the very incident which caused their injury, seeking to deny compensability of workers' compensation benefits. Here, though, Santos seeks to hold defendants liable for their actions, not in causing the underlying accident, but in purportedly limiting his recovery by presenting his injury claim for workers' compensation benefits. But the Division has the exclusive jurisdiction to determine if the worker was an employee injured in the course and scope of employment, i.e. compensability, regardless of whether compensability is asserted by the worker or the company. *See, e.g.*, *Prentis*, 2024 WL 3862953, at *6; *Berrelez,* 562 S.W.3d at 74. The Division is also "charged with ensuring all system participants, including carriers, comply with the rules, and when participants abuse the process, administrative penalties are available."

---

[4] *But see Univ. of Tex. Rio Grande Valley v. Oteka,* 2023 WL 413587 (Tex. App.—Corpus Christi-Edinburg January 26, 2023, pet. granted) (mem. op.).

*Accident Fund*, 543 S.W.3d at 754. And an employee can challenge the actions of the company or carrier in presenting or handling the claim at each step in the review process.

## B. Claims Arising Out of Presentation of Workers' Compensation Claim

Santos contends his claims are not subject to the Division's exclusive jurisdiction because Texas Mutual and Bond misrepresented he was an employee injured in the course and scope of employment, intentionally misclassifying him to deny any claim he would have for coverage under B&T's employer's liability insurance policy or commercial automobile liability insurance policy. Santos asserts the following claims:

- Fraud and Conspiracy: Texas Mutual made fraudulent misrepresentations to Santos and to the Division when it presented Santos's injury to the Division, contending he was an employee injured in the course and scope of employment, knowing it should have instead filed under B&T's employer liability policy.

- Texas Deceptive Trade Practices Act (DTPA) Claims: Texas Mutual and its adjuster Bond violated the DTPA when they pushed Santos's claim through the workers' compensation process, knowing he was not an employee injured in the course and scope of employment, in order to avoid increased financial exposure under the liability portion of the B&T policy.

- Insurance Code Section 541.060 (Unfair Settlement Practices) Claim (misrepresenting to claimant material fact or policy provision relating to coverage at issue): Texas Mutual and Bond intentionally misrepresented to Santos he was not entitled to coverage under the employer's liability insurance. Based on this misrepresentation, they coerced Santos "to forgo his negligence claim (settle for zero) so that he may continue to receive the workers' compensation benefits." By doing so, they failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage. Santos also contends they refused to pay his negligence claims under the liability portion of the policy without conducting a reasonable investigation with respect to the claim.

- Insurance Code Section 541.061 (Misrepresentation of Policy) Claim: Texas Mutual and Bond made untrue statements of material facts including that (1) Santos was in the course and scope of his employment with B&T when his injury occurred and is therefore precluded from recovering under the liability portion of the insurance policy, and (2) Santos's injury was compensable under the workers'

compensation portion of the insurance policy Texas Mutual issued to B&T and he is therefore precluded from recovering under the liability portion of the policy.

However, the Texas Supreme Court is clear the Texas Workers' Compensation Act provides the initial, "exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a workers' claim for benefits." *Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 752, 753 (quoting *In re Crawford & Co.*, 458 S.W.3d 920, 923–24 (Tex. 2015) (orig. proceeding) (per curiam)) (internal quotations omitted) (barring claims for retaliation, conspiracy, and tortious-interference premised on the employer's actions after the employee's accident and during investigation, handling, and settling of workers' compensation claim); *see also Crawford*, 458 S.W.3d at 928–29 (barring misrepresentation claims arising out of investigation, handling, or settling of claim for workers' compensation benefits).

Not every statutory or common-law claim against an insurance carrier falls within the exclusive jurisdiction of the Division. *See Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 753; *Ruttiger*, 381 S.W.3d at 445–46. But "neither a claim's label nor the relief requested is determinative of the jurisdictional inquiry." *Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 753. Instead, it is "the substance of the claim [that] controls whether the Workers' Compensation Act provides the exclusive process and remedies and, thus, vests exclusive jurisdiction with the Division." *Id.*; *see Crawford*, 458 S.W.3d at 926 (explaining "claimants may not recast claims to avoid statutory requirements or to qualify for statutory protections").

Turning to Santos's claims, the Supreme Court in *Texas Mutual Insurance Co. v. Ruttiger*, applied the Division's broad jurisdictional powers to "preclude certain Insurance Code and common-law bad-faith claims against the compensation carrier because those claims were at odds with the workers' compensation system's dispute-resolution process." *Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 753 (citing *Ruttiger*, 381 S.W.3d at 443, 445, 450–51). Further, the *Ruttiger*

Court precluded claims under Texas Insurance Code 541.060 for unfair settlement practices, like Santos's claim here. 381 S.W.3d at 444.

The court in *Ruttiger* did allow a claim based on an insurer's misrepresentation of a policy pursuant to Insurance Code section 541.061 when it did not arise out of the investigation, handling or settlement of the worker's compensation claim. *Id*. Santos alleges a section 541.061 claim. But Santos alleges misrepresentation of the Texas Mutual insurance policy—the liability portion—specifically asserting Texas Mutual used the misrepresentation of coverage to coerce him into taking workers' compensation benefits. In other words, his claim arises out of Texas Mutual and Bond's investigation, handling and settlement of the workers' compensation claim. *See Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 753; *Ruttiger*, 381 S.W.3d at 445–46.

Likewise, in *In re Crawford*, the Supreme Court concluded a number of tort, contract, and statutory claims could not go forward against the compensation carrier, including "negligence, gross negligence, breach of contract, quantum meruit, breach of the duty of good faith and fair dealing, [] statutory violations," "common law and statutory causes of action based on allegations of deception, fraud, and misrepresentation," "malicious prosecution[,] . . . and intentional infliction of emotional distress."[5] 458 S.W.3d 920, 926–27. In *Accident Fund,* the Supreme Court referred to its rulings in both *Ruttiger* and *Crawford* to explain that "allowing parties to pursue remedies that circumvent the Division's exclusive jurisdiction would undermine the workers' compensation system's careful benefits-determination and claims-resolution processes." 543

---

[5] The *Crawford* court also rejected the relators' argument that the claims against the insurer of the spouse of the injured fell outside the purview of the Act and the Division's exclusive jurisdiction because the spouse was not employed by the company's workers' compensation insurance, reasoning the claims "arise out of [] conduct in investigating, handling, and settling [the] claim for workers' compensation benefits." 458 S.W.3d at 928 (noting lone exception when spouse pursuing claim for "loss of consortium claim where there is evidence that the employer's intentional tort caused the employee's injury"); *see also Berrelez*, 562 S.W.3d at 74–75 (rejecting contention employee's claims not subject to Division's exclusive jurisdiction where employee contended not acting in course and scope of employment, explaining dispute over whether employee acting in course and scope of employment within Division's exclusive jurisdiction).

S.W.3d at 753. Here, all of the claims asserted by Santos against Texas Mutual and Bond are predicated on the allegedly improper investigation, presentation, handling and/or settlement of the workers' compensation claim, falling within the Division's exclusive jurisdiction. *See id.*

### C.   Failure to Exhaust Administrative Remedies

Given that Santos's claims fall within the Division's exclusive jurisdiction, the question becomes whether Santos exhausted his administrative remedies. It is undisputed he did not. The Workers' Compensation Act provides a three-step process consisting of: (1) a review conference;(2) a contested case hearing; and (3) review by an administrative appeals panel. *In re Prentis*, __ S.W.3d __, No. 01-23-00616-CV, 2024 WL 3862953, at *3 (Tex. App.—Houston [1st Dist.] Aug. 20, 2024, orig. proceeding). Santos did not appear at the contested case hearing and did not seek to have the administrative law judge's decision reviewed by the administrative appeals panel.

Only after exhausting these three steps may a party seek judicial review of the appeal panel's decision. *See id*; *see also* TEX. LAB. CODE § 410.251 ("A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review . . ."). A party's "[f]ailure to exhaust administrative remedies before filing suit renders a trial court without subject matter jurisdiction." *Prentis*, 2024 WL 3862953, at *3; *Kennedy v. Turner Indus. Group, LLC*, No. 14-09-00377-CV, 2010 WL 1541638, at *3 (Tex. App.—Houston [14th Dist.] April 20, 2010, pet. denied) (mem. op.) ("If an appeal is not timely filed, then administrative remedies have not been exhausted, and the district court lacks subject matter jurisdiction over the claims arising from" a benefits decision).

### D.   The Trial Court's Decision on the Plea to the Jurisdiction

Returning to the plea to the jurisdiction, Texas Mutual and Bond's evidence in support of their plea provides: (1) Texas Mutual investigated Santos's accident through Bond; (2) an ALJ

concluded the Division had jurisdiction to hear Santos's case and ordered Texas Mutual to pay him workers' compensation benefits; (3) Santos repeatedly applied for supplemental income benefits with the Division as an injured employee; and (4) Santos filed a petition that included allegations falling well within the exclusive jurisdiction of the Division, specifically asserting that Texas Mutual has improperly investigated, handled, or settled a workers' compensation claim for benefits as opposed to accepting liability outside of workers' compensation. Based on this evidence, the trial court lacks subject-matter jurisdiction and was required to dismiss Santos's claim. *See Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 752. Texas Mutual therefore carried its burden to demonstrate there was no genuine issue of material fact as to jurisdiction, and it was entitled to judgment as a matter of law. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 221, 227–28 (Tex. 2004).

As a result, Santos was required to demonstrate the existence of a disputed material fact on the jurisdictional issue. *See Texas Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 281 (Tex. 2023). Santos's response to the plea explained he had "no need to avail himself of the Workers' Compensation Act" or exhaust administrative remedies because his injury did not take place in the course and scope of employment, and therefore, his "starting position is outside of the Act." As evidence in support of his contention, he cited deposition excerpts addressing whether he was acting in the course and scope of his employment, arguing such evidence created a disputed issue. However, whether he was acting in the course and scope of his employment is a determination that is within the exclusive, initial jurisdiction of the Division. *See Prentis*, 2024 WL 3862953, at *3; *Berrelez*, 562 S.W.3d at 73–74. That issue, therefore, cannot be used to raise a genuine issue of fact here. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022); *In re Crawford & Co.*, 458 S.W.3d 920, 928–29 (Tex. 2015) (orig. proceeding) (per curiam).

Because the trial court was required to dismiss Santos's claims against Texas Mutual and Bond, we conclude the trial court clearly abused its discretion, and Texas Mutual and Bond are entitled to mandamus relief. *See In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *Prentis*, 2024 WL 3862953, at *8.

### ALLSTATE'S PLEA TO THE JURISDICTION

Turning to Allstate's plea to the jurisdiction, Allstate relied on the arguments and evidence in Texas Mutual's plea to the jurisdiction. However, Santos's allegations against Allstate allege it used Texas Mutual's acts in investigating, presenting, handling, and settling the workers' compensation claim to deny Santos's liability claim, which he made against B&T's *commercial automobile liability policy*. In other words, Santos made a liability claim against an insurance carrier *other than* a workers' compensation liability insurance carrier that denied the claim based on his receipt of workers' compensation insurance. This presents a legal issue as to whether that denial was proper. But, it does not abrogate the exclusive jurisdiction of the Workers' Compensation Act by seeking to rehash the question of whether Santos was injured in the course and scope of his employment. Santos does not assert claims arising from actions taken by Allstate to investigate, present, handle or settle a workers' compensation claim. *See Accident Fund Gen. Ins. Co.*, 543 S.W.3d at 752; *Berrelez*, 562 S.W.3d at 73–74. Allstate therefore failed to carry its initial burden to demonstrate there is no genuine issue as to any material fact as to jurisdiction and that it was entitled to judgment as a matter of law. *See Maspero*, 640 S.W.3d at 529.

### CONCLUSION

We therefore conditionally grant Texas Mutual and Bond's petition for writ of mandamus, direct the trial court, no later than fifteen days from the date of this opinion, to vacate, in part, the portion of the April 5, 2024 order denying the plea to the jurisdiction of Texas Mutual and Bond, and dismiss the claims against them. The writ will issue only if the trial court fails to comply.

After considering Allstate's petition, this court concludes Allstate has not shown itself entitled to the relief sought. Accordingly, Allstate's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).[6]

Lori Massey Brissette, Justice

---

[6] The stay we granted on July 16, 2024 is lifted.